[Civ. No. 17138.  First Dist., Div. Two.  Apr. 10, 1957.]

CATHERINE AITKENHEAD, Appellant, v. CITY AND
COUNTY OF SAN FRANCISCO, Respondent.

Lewis, Field & DeGoff for Appellant.

Dion R. Holm, City Attorney, and Lawrence S. Mana, Deputy City Attorney, for Respondent.

STONE, J. pro tem.*—Appellant commenced this action seeking damages for injuries suffered by her when she stumbled and fell at the juncture of the sidewalk and curb at 28th Avenue and Quintara Street in San Francisco. Appellant charged respondent with liability under Government Code, section 53050 et seq., the statutory exception to the common law making a municipality liable for injuries resulting from a dangerous or defective condition of the public streets. Liability is contingent upon the injured party proving that the defect created a dangerous condition and that the city had notice or knowledge of the condition and failed to remedy it within a reasonable time.

Appellant was a housewife, 72 years of age at the time the accident occurred. Her husband's car was parked on 28th Avenue near the corner of Quintara. Appellant and her husband had been visiting in the home of appellant's niece. She had visited the home three or four times before the accident, the last visit being two weeks before the accident occurred. Appellant and her husband left the house between 8:30 and 8:45 p. m., February 6, 1954, to enter the automobile parked at the side of the curbing. As appellant placed her right foot near the place where the sidewalk and the curbing meet, her right toe went into a depression and as she stepped forward her heel caught in either the depression between the sidewalk and the curb or a gap between two sections of curbing which was immediately adjacent thereto. At the spot where the appellant caught her toe, the angular return of the corner sidewalk meets the 28th Avenue sidewalk and the angular return of the corner curbing meets the 28th Avenue curbing. There are four different levels, one between the contiguous sections of sidewalk, one between the contiguous sections of curbing, one between the 28th Avenue sidewalk elevation and curb elevation and a difference in elevations between the angular curb and the 28th Avenue curb.

---

*Assigned by Chairman of Judicial Council.

Respondent admitted ownership of the street, denied negligence and alleged contributory negligence. The jury brought in a verdict in favor of the plaintiff and defendant city moved for judgment notwithstanding the verdict which the court granted. From the judgment and order this appeal is taken.

No question is raised on this appeal as to notice. The minute order granting the order for judgment notwithstanding the verdict recites "The evidence shows conclusively that the defendant had notice of the defect." The only issue before this court on appeal is whether it can be said the defect in the sidewalk and curbing was minor or trivial as a matter of law. If the condition was minor, the city is not liable under the rule expressed by the Supreme Court in the case of *Barrett* v. *City of Claremont,* 41 Cal.2d 70, where the court said at page 73 [256 P.2d 977] :

"The plaintiff contends that, in any event, the question of whether the defect was trivial or substantial is one of fact, which the jury has resolved in her favor. But, as was said in *Whiting* v. *City of National City, supra,* '[i]t is a matter of common knowledge that it is impossible to maintain a sidewalk in a perfect condition. Minor defects are bound to exist. A municipality cannot be expected to maintain the surface of its sidewalks free from all inequalities and from every possible obstruction to travel. Minor defects due to continued use, or action of the elements, or other cause, will not necessarily make the city liable for injuries caused thereby. What constitutes a minor defect is not always a mere question of fact. If the rule were otherwise the city could be held liable upon a showing of a trivial defect.' "

No rule is laid down in the Barrett case nor have we found any rule in the many cases cited defining the test to be applied by a reviewing court in determining whether a defect in a sidewalk is trivial as a matter of law, or whether the nature of the condition presents a question of fact for the trier of facts. Obviously, no fixed measurement in inches of height, depth, or width of an obstruction or depression can be adopted or established as a standard because a determination of whether a condition is trivial or not depends upon all of the circumstances surrounding the existence of the conditions in the particular case. Therefore, it is incumbent upon the appellate court in each case to review the evidence adduced in the trial court and determine whether in the light of all of the surrounding circumstances the defect was minor or trivial as a matter of law.

There were two defects in this case, one in the sidewalk and one in the curbing adjacent to the sidewalk. There was a variance between the level of the sidewalk and the level of the curbing. In addition, there was a variance between the level of the two curbs. Added to this, there was a gap between the two sections of the curb immediately adjoining the sidewalk defect which aperture was between one and two inches wide and roughly six inches deep. The plaintiff testified that as she was about to step off the sidewalk her toe caught as if it had sunk into a hole or depression and then her heel caught causing her to fall forward into the street.

The condition of the sidewalk and curb sections can best be understood by looking at plaintiff's Exhibit I. In the light of the many cases cited by respondent, the one-half to five-eighths inch rise from the sidewalk level to the curb level might well be considered a minor defect, but the additional curbing defects must also be considered. The defects in the sidewalk and in the curbing are contiguous, and combined they form a condition which can hardly be said to be trivial as a matter of law.

An additional factor, aside from the physical condition of the area, must be considered. The city repaired the angular return and terminated the repair work at the point where the condition involved in this case existed. The city failed to level off the area where the two sections of sidewalk and two sections of curbing come together when repairing the angular return.

The record in this case discloses that the city did not repair the sidewalk or curbing beyond the angular return because of the mistaken belief of the Superintendent of Street Repair for the City and County of San Francisco that the city was not liable for a defective condition in a sidewalk or curbing in front of private property.

The reasoning upon which the trivial or minor defect rule is based is expressed at page 73 of the Barrett case in the following language: ''Minor defects due to continued use, or action of the elements, or other cause, will not necessarily make the city liable for injuries caused thereby.'' This does not contemplate the city being negligent in the manner of repairing defects or failing to repair a patent defect because the sidewalk or curbing happens to abut or traverse privately owned property.

Thus, the city by its manner of repairing the defective condition of the angular return contributed to the

creation of the condition of which appellant complains. The city did not fill the gap in the curbing at the time the sidewalk was repaired, although the aperture adjoined the section of sidewalk which was repaired.

Considering all of the facts surrounding the conditions at the time of the happening of the accident, we do not believe it can be said that the defect was minor or trivial as a matter of law. The question of whether it was a dangerous defect was a question of fact to be determined by the trier of facts. This question having been presented to the jury and the jury having found in favor of the plaintiff, it is ordered that the judgment notwithstanding the verdict be reversed.

Kaufman, P. J., and Dooling, J., concurred.

A petition for a rehearing was denied May 10, 1957, and respondent's petition for a a hearing by the Supreme Court was denied June 4, 1957.