[No. B219261. Second Dist., Div. Six. Sept. 28, 2011.]

BARBARA CADAM, Plaintiff and Appellant, v.
SOMERSET GARDENS TOWNHOUSE HOA et al., Defendants and
Appellants.

## Counsel

AlderLaw, C. Michael Alder; Law Offices of John B. Richards, John B. Richards; The Ehrlich Law Firm and Jeffrey Isaac Ehrlich for Plaintiff and Appellant.

Horvitz & Levy, Mitchell C. Tilner, Wesley T. Shih; Stub, Boeddinghaus & Velasco, Gerald B. Velasco; Early, Maslach & Van Dueck and John C. Notti for Defendants and Appellants.

OPINION

**GILBERT, P. J.**—A trivial defect is no less trivial when it exists on a walkway in a privately owned townhome development.

Barbara Cadam appeals a judgment notwithstanding verdict (JNOV) and alternatively, a new trial order regarding damages, in favor of Somerset Gardens Townhouse HOA (Somerset), a homeowners association, and Goetz Manderley (GM), a homeowners association management firm. (Code Civ. Proc., §§ 629, 657.)[1] We affirm.

## FACTS AND PROCEDURAL HISTORY

Somerset Gardens is a recently built townhome development in Santa Maria, consisting of 93 townhomes sited among four streets. In 2006, Cadam leased a Somerset Gardens townhome at 2355 Westbury Way. The townhome had a cement walkway extending from the driveway to the front door. Cadam usually entered the townhome, however, through the garage. She explained: "I had no reason to walk the walkway. It wasn't something that I normally did. I also didn't go out and look at the plants or anything. That was maintained by the homeowners' association."

On October 19, 2006, Cadam returned to her townhome during her lunch break from her bank employment. She parked her vehicle in the garage but then noticed that the gardeners were working nearby. Cadam decided to discuss a lawn sprinkler problem with them. She and a gardener subsequently walked across her lawn to discuss the irrigation.

Following the conversation, Cadam walked on the walkway toward the garage. When the gardener made an additional comment, however, she turned to look at him. At that point, her right foot caught in a walkway separation. Cadam fell forward on her hands, shoulder, elbow, and right knee. She described her fall as: "I kind of looked [at the gardener], and my right foot caught, I hit with . . . the toe of my right shoe, and I started to go forward, and I tried to catch myself with my left foot, and it also hit this rise in the cement, and I went down . . . ."

Cadam was wearing business attire, including high-heeled shoes, at the time of the accident. The cement walkway was clean and dry and it was a

---

[1] All further statutory references are to the Code of Civil Procedure.

bright day. As agreed by the parties, the difference in height between the two walkway segments was between three-fourths and seven-eighths inch.[2]

Cadam suffered injuries to her hands, wrists, elbows, and right knee. She has had six surgeries, performed over a two and one-half year period, as well as physical therapy to ameliorate her pain and injuries. Cadam was 63 years old at the time of the accident and her hand injuries have caused permanent nerve damage and disability.

## *Prior Accident*

In September 2006, James Perry, the president of Somerset, inspected the development with a gardener. During the inspection, Perry tripped over a sidewalk separation at 2326 Eastbury Way because he "wasn't watching where [he] was going . . . . [He] was looking at a tree." Perry "guess[ed]" that the sidewalk separation was one-half inch in depth and stated that the separation was uniform in appearance. He instructed the gardener to place a warning flag near the separation.

Perry knew of two other sidewalk separations that required repair. On October 12, 2006, he learned of the walkway separation at 2355 Westbury Way. Perry did not instruct that warning flags be placed at any of these separations.

Perry directed GM to contact the builder of the development, Inland Pacific Builders, and request that it repair various sidewalk problems immediately. On September 19, 2006, GM contacted the builder who later repaired the sidewalks pursuant to warranty.

Paragraph 5.01 of the Somerset Declaration of Covenants, Conditions and Restrictions requires Somerset to "maintain all landscaping (including trees, shrubs, grass and walks) within the individually owned Lots." Somerset employed GM to assist it in managing the affairs of the development.

On August 8, 2007, Cadam brought an action against Somerset, GM, and Inland Pacific Builders for premises liability and negligence. The matter

---

[2] We have examined the six photographs depicting the separation, admitted into evidence as Cadam's exhibit No. 35.

proceeded to trial.[3] At the close of Cadam's case, Somerset and GM moved for nonsuit, asserting that the walkway separation was trivial as a matter of law. Following argument by the parties and examination of Cadam's photographs of the walkway separation, the trial court denied the motion.

Following trial, the jury decided in favor of Cadam and awarded her $1,336,197 damages. It found that Somerset and GM were each 50 percent responsible for her injuries. Somerset and GM filed a motion for JNOV and, in the alternative, for a new trial. Following written and oral argument, the trial court granted the JNOV, ruling that "[n]o reasonable person could find this was not a trivial defect looking at the photographs, . . . the height, [and] the surrounding circumstances."

The trial court also granted the motion for a new trial but limited it to the issue of damages "*only* in the sense that the jury's verdict reflected a finding that plaintiff was not negligent in any manner or for any reason."

Cadam appeals the JNOV and the alternative order granting the motion for a new trial regarding apportionment of fault and damages. Somerset and GM have filed a protective cross-appeal, asserting that the damages awarded Cadam are excessive.

## DISCUSSION

### I.

Cadam argues that the trial court erred by granting the JNOV because the walkway separation that caused her fall was not a trivial or insignificant defect. (*Stathoulis v. City of Montebello* (2008) 164 Cal.App.4th 559, 566 [78 Cal.Rptr.3d 910] [general discussion of rule that property owner is not liable for damages caused by minor or trivial defects in property].) She asserts that she seldom used the walkway and that Somerset did not exercise reasonable care in maintaining it. (*Graves v. Roman* (1952) 113 Cal.App.2d 584, 586–587 [248 P.2d 508] [policy underlying trivial defect rule is the impossibility of maintaining heavily travelled surfaces in perfect condition].) Cadam adds that other sidewalks had shifted or deteriorated within the Somerset Gardens development (including six walkways or sidewalks on Westbury Way), but Somerset and GM did not warn residents. (*Clark v. City of Berkeley* (1956) 143 Cal.App.2d 11, 16 [299 P.2d 296] [city may not ignore cumulative perils presented by an "entire sidewalk crumbling and falling apart"].)

---

[3] At the beginning of trial, Cadam and Inland Pacific Builders agreed to settle the lawsuit for $155,000. The trial court subsequently found the settlement to be in good faith. Cadam then dismissed Inland Pacific Builders from the action.

Cadam also contends that the height of the walkway separation is a factual issue, asserting that photographs admitted into evidence at trial do not fairly depict the separation height. She also relies upon the testimony of Somerset's president Perry that any defect over one-half inch in height was, in his opinion, "probably" dangerous. (*Laurenzi v. Vranizan* (1945) 25 Cal.2d 806, 812 [155 P.2d 633] [city inspector's testimony that sidewalk defect as depicted in photographs was hazardous precludes finding that defect trivial as a matter of law].)

Cadam adds that the danger presented by the walkway separation must be viewed in light of the circumstances surrounding the accident. (*Ursino v. Big Boy Restaurants* (1987) 192 Cal.App.3d 394, 397 [237 Cal.Rptr. 413] [depth of walkway depression is but one factor in determining whether defect trivial]; *Aitkenhead v. City & County of S. F.* (1957) 150 Cal.App.2d 49, 51 [309 P.2d 57] ["[I]t is incumbent upon the appellate court in each case to review the evidence adduced in the trial court and determine whether in the light of all of the surrounding circumstances the defect was minor or trivial as a matter of law."].) The aggravating circumstances on which she relies include the irregular shape of the separation, lack of color differential, newness of the walkway, and her unfamiliarity with the walkway.

## II.

The trial court may grant a JNOV only if the evidence, viewed most favorably to the prevailing party, is insufficient to support the verdict. (*Wolf v. Walt Disney Pictures & Television* (2008) 162 Cal.App.4th 1107, 1138 [76 Cal.Rptr.3d 585].) As a general rule, an appellate court reviewing a JNOV also considers whether sufficient evidence supports the verdict. (*Ibid.*) "If the appeal challenging the denial of the motion for judgment notwithstanding the verdict raises purely legal questions, however, our review is de novo." (*Ibid.*)

█ It is well settled that a property owner is not liable for damages caused by a minor, trivial, or insignificant defect in his property. (*Caloroso v. Hathaway* (2004) 122 Cal.App.4th 922, 927 [19 Cal.Rptr.3d 254] [sidewalk crack less than one-half inch in depth].) This principle is sometimes referred to as the "trivial defect defense," although it is not an affirmative defense but rather an aspect of duty that a plaintiff must plead and prove. (*Ibid.*) Persons who maintain walkways—whether public or private—are not required to maintain them in absolutely perfect condition. (*Ibid.*) "The duty of care imposed on a property owner, even one with actual notice, does not require the repair of minor defects." (*Ursino v. Big Boy Restaurants, supra,* 192 Cal.App.3d 394, 398.) The rule is no less applicable in a privately owned townhome development. Moreover, what constitutes a minor defect may be a

question of law. (*Id.* at p. 397 [raised edge of three-fourths inch trivial as a matter of law]; *Fielder v. City of Glendale* (1977) 71 Cal.App.3d 719, 724, fn. 4 [139 Cal.Rptr. 876] [citing decisions finding trivial defects ranging from three-fourths inch to one and one-half inches].)

In our de novo review of the evidence, the walkway defect here was trivial as a matter of law. (*Stathoulis v. City of Montebello, supra,* 164 Cal.App.4th 559, 569 [court properly may determine whether defect is trivial if evidence is not in conflict].) The parties agreed that the walkway separation was three-fourths to seven-eighths inch in depth. Cadam testified that the accident occurred at noon on a sunny day. Cadam's photographs of the separation do not reflect a jagged separation, shadows, or debris obscuring the separation. (*Caloroso v. Hathaway, supra,* 122 Cal.App.4th 922, 927 [court should consider whether walkway had broken pieces, jagged edges, debris or water concealing the defect, and the lighting of the area, among other things].) There were no protrusions from the separation and other persons had not fallen there. The crack in the sidewalk does not appear to be on a slant as Cadam's counsel suggests. The walkway was newly constructed and the view of the separation was not obstructed. Moreover, Cadam testified that she did not see the separation because she "wasn't looking at [it]." Nor does she show where on the sidewalk she fell.

Although other sidewalk or walkway separations existed in the Somerset Gardens development of 93 townhomes, Cadam's accident did not occur on those separations. We do not consider the circumstances or nature of them for that reason.

The opinion of Somerset's president that a defect of one-half inch or more is "probably" dangerous does not preclude our conclusion that the defect on which Cadam stumbled is trivial. (*Fielder v. City of Glendale, supra,* 71 Cal.App.3d 719, 732 ["For in this area there is no need for expert opinion."].) "It is well within the common knowledge of lay judges and jurors just what type of a defect in a sidewalk is dangerous." (*Ibid.*)

Moreover, the duty of care imposed on a property owner, even one with actual notice of a defect, does not require the repair of minor or trivial defects. (*Caloroso v. Hathaway, supra,* 122 Cal.App.4th 922, 929.) "Minor defects such as the crack in [the plaintiff's] walkway inevitably occur, and the continued existence of such cracks without warning or repair is not unreasonable. Thus, [the defendant] is not liable for this accident irrespective of the question whether he had notice of the condition." (*Ibid.*)

*III.*

In view of our discussion, we do not resolve Cadam's arguments regarding the trial court's alternative grant of a new trial regarding apportionment of fault and damages. We also need not resolve Somerset and GM's protective cross-appeal regarding asserted excessive damages awarded Cadam.

The judgment is affirmed. Somerset and GM shall recover costs on appeal.

Coffee, J., and Perren, J., concurred.

On October 28, 2011, the opinion was modified to read as printed above. The petition of appellant Barbara Cadam for review by the Supreme Court was denied January 4, 2012, S198362.