Filed 4/14/21  Chandler v. City of Cypress CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| MARIE CHANDLER,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>CITY OF CYPRESS,<br><br>    Defendant and Respondent. | G058898<br><br>(Super. Ct. No. 30-2019-01040959)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Deborah C. Servino, Judge.  Affirmed.

Commerce Law Group, Sassan Mackay for Plaintiff and Appellant.

Aleshire & Wynder, Anthony R. Taylor, Michelle E. Sassano, and Roy C. Santos for Defendant and Respondent.

\*        \*        \*

While walking on a public sidewalk in a residential neighborhood in the City of Cypress (City), Marie Chandler tripped on a crack and fell. As a result of her fall, Chandler suffered significant injuries. She thereafter filed a complaint against the City, asserting a single cause of action for dangerous condition of public property under Government Code section 835.[1] The trial court granted summary judgment for the City. After independently reviewing the record, we affirm. As explained below, the defect in the sidewalk was trivial as a matter of law; the City also made a prima facie showing it had no notice of the crack in the sidewalk.

## FACTS[2]

One summer evening in August 2017, after attending a local event, Marie Chandler (who was age 74 at the time) was walking to her car with her husband and her adult son at about 8:00 p.m. The sun was going down, but it was not yet dark. Chandler tripped on a crack in the sidewalk and fell, which caused her face to strike the ground. Police responded to the scene, and an ambulance transported Chandler to the emergency room.

According to the City, the crack crossing the sidewalk was over three feet long with a maximum width of three-eighths (3/8) of an inch, and the crack had a height

---

[1]     All further undesignated statutory references are to this code.

[2]     As an initial matter, we note that large portions of Chandler's appellate briefs omit record references and therefore do not comply with the California Rules of Court. (See Cal. Rules of Court, rule 8.204(a)(1)(C) [briefs must cite "to the volume and page number of the record where the matter appears"].) Indeed, the four-page "FACTUAL SUMMARY" section of her opening brief includes only one record reference. "[I]t is counsel's duty to point out portions of the record that support the position taken on appeal. [We are] not required to search the record on [our] own seeking error." (*Del Real v. City of Riverside* (2002) 95 Cal.App.4th 761, 768.) We therefore remind counsel to include specific record references in support of every factual assertion in all future filings, as "any point raised that lacks citation may, in this court's discretion, be deemed waived." (*Ibid.*)

differential of at most one half (1/2) inch. According to Chandler, however, the crack's height differential was greater, somewhere between three-fourths (3/4) of an inch and one and one-half (1 1/2) inches.

Before Chandler's fall, the City had twice in recent years repaired the sidewalk where the accident occurred as part of its sidewalk maintenance program, which, according to the City's maintenance supervisor's sworn declaration, includes annual inspections of City-owned sidewalks.[3] First in 2013, and again in 2015, the City patched the crack with concrete, essentially creating a small ramp to smooth over the difference. Also according to the maintenance supervisor's declaration, the City inspected the sidewalk during its annual inspection in 2016 and determined the 2015 concrete patch was still intact and the sidewalk therefore did not need any repairs. The City had received no complaints about the sidewalk where the accident occurred, and it was unaware of any other injuries or accidents occurring there.

Chandler filed a complaint against the City, asserting a single cause of action for dangerous condition of public property under section 835. The City moved for summary judgment, asserting the sidewalk crack was not a dangerous condition as a matter of law, and the City did not have actual or constructive notice of the alleged sidewalk defect.

---

[3] According to the City's maintenance supervisor's declaration, during the annual sidewalk inspections, City staff inspect public sidewalks and ramps to locate any defects. Inspectors specifically look for, among other defects, raised or chipped areas, cracks, concrete deterioration, and areas damaged by tree roots. Inspectors document any areas in need of repair, logging the location and the type of repair needed. A City employee would then make the recommended repair. If a particular address was not included in the inspection report, that meant the inspectors found no safety hazard present and no repair was needed.

3

The trial court granted the City's motion, finding the City made a prima facie showing of having no notice of the defect.[4] The court then entered judgment for the City. Chandler appealed.

## DISCUSSION

We review de novo the trial court's decision to grant summary judgment, considering all the evidence set forth in the moving and opposing papers, except that to which objections were made and sustained. (*Hampton v. County of San Diego* (2015) 62 Cal.4th 340, 347.) We affirm a summary judgment if it is correct on any of the grounds asserted below. (*Doe v. Good Samaritan Hospital* (2018) 23 Cal.App.5th 653, 662.)

A defendant moving for summary judgment meets its initial burden of showing that a cause of action has no merit if it shows at least one element of the cause of action cannot be established or there is a complete defense to the cause of action. (Code Civ. Proc., § 437c, subd. (p)(2).) If this burden is met, the plaintiff bears the burden of showing the existence of disputed facts. (*Ibid*.)

Turning our attention to this case, "[a] public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person." (§ 815, subd. (a).) Section 835 creates an exception to this rule and provides in relevant part that "a public entity is liable for injury caused by a dangerous condition of its property if the plaintiff establishes that the property was in a dangerous condition at the time of the injury, that the injury was proximately caused by the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred, and . . . [¶ . . . ¶] [t]he public entity had actual or constructive notice of the dangerous condition under Section 835.2 a sufficient

---

[4] The trial court also sustained some of the City's objections to Chandler's evidence. Chandler does not challenge those objections on appeal.

4

time prior to the injury to have taken measures to protect against the dangerous condition." (§ 835.)

In evaluating a claim under section 835, "'the correct approach . . . is to determine first if the claimed defect is too trivial, as a matter of law, to be dangerous. An inquiry into this issue is a logical preliminary step before reaching the larger question of whether the nature of the defect, along with other circumstances, is sufficient to raise a jury question concerning notice.'" (*Antenor v. City of Los Angeles* (1985) 174 Cal.App.3d 477, 482.) We therefore begin our analysis by determining whether the sidewalk crack constituted a dangerous condition.

1. *Dangerous Condition*

A "'[d]angerous condition'" is "a condition of property that creates a substantial (as distinguished from a minor, trivial or insignificant) risk of injury when such property or adjacent property is used with due care in a manner in which it is reasonably foreseeable that it will be used." (§ 830, subd. (a).) Conversely, "[a] condition is not a dangerous condition within the meaning of this chapter if the trial or appellate court, viewing the evidence most favorably to the plaintiff, determines as a matter of law that the risk created by the condition was of such a minor, trivial or insignificant nature in view of the surrounding circumstances that no reasonable person would conclude that the condition created a substantial risk of injury when such property or adjacent property was used with due care in a manner in which it was reasonably foreseeable that it would be used." (§ 830.2.)

"This principle is sometimes referred to as the 'trivial defect defense,' although it is not an affirmative defense but rather an aspect of duty that a plaintiff must plead and prove." (*Cadam v. Somerset Gardens Townhouse HOA* (2011) 200 Cal.App.4th 383, 388.) "The doctrine permits a court to determine whether a defect is trivial as a matter of law, rather than submitting the question to a jury. [Citation.] 'Where reasonable minds can reach only one conclusion—that there was no substantial

risk of injury—the issue is a question of law, properly resolved by way of summary judgment.' [Citations.] 'The rule which permits a court to determine "triviality" as a matter of law rather than always submitting the issue to a jury provides a check valve for the elimination from the court system of unwarranted litigation which attempts to impose upon a property owner what amounts to absolute liability for injury to persons who come upon the property.'" (*Stathoulis v. City of Montebello* (2008) 164 Cal.App.4th 559, 567.)

In determining whether the sidewalk defect is trivial as a matter of law, we must consider both the size of the defect (that is, the depth or height of the walkway depression or elevation) and whether other circumstances might have rendered the defect a dangerous condition at the time of the accident. (*Huckey v. City of Temecula* (2019) 37 Cal.App.5th 1092, 1105 (*Huckey*).) "These other circumstances or factors include whether there were any broken pieces or jagged edges in the area of the defect, whether any dirt, debris or other material obscured a pedestrian's view of the defect, the plaintiff's knowledge of the area, whether the accident occurred at night or in an unlighted area, the weather at the time of the accident, and whether the defect has caused any other accidents." (*Ibid.*)

After reviewing the evidence de novo, and evaluating it in the light most favorable to Chandler, we think the defect here was likely trivial as a matter of law. First, according to Chandler, the sidewalk crack's height differential was between three-fourths (3/4) of an inch and one and one-half (1 1/2) inches. "Sidewalk elevations ranging from three-quarters of an inch to one and one-half inches have generally been held trivial as a matter of law." (*Huckey, supra,* 37 Cal.App.5th at p. 1107 [collecting cases]; see, e.g., *Beck v. City of Palo Alto* (1957) 150 Cal.App.2d 39, 43 [one and seven-eighths inches differential in sidewalk was trivial]; see also *Nicholson v. City of Los Angeles* (1936) 5 Cal.2d 361, 363 [one and one-half inch difference insufficient to impart constructive notice to city].)

6

Second, there is no evidence of any aggravating factor present when Chandler fell, such as weather, lighting, or visibility conditions to suggest the defect "created a reasonably foreseeable risk of the kind of injury which was incurred." (§ 835.) It was not yet dark when the fall occurred, and the color photographs of the sidewalk taken the evening of the accident do not reflect any shadows or debris obscuring the separation. Although Chandler's husband and son maintain the crack had jagged edges and loose gravel and concrete along its edges, the photographs do not support that description.

"To be sure, the height differential posed *some* risk of injury. . . . But to constitute a dangerous condition, the height differential, and the area surrounding it, must have posed 'a substantial (as distinguished from a minor, trivial or insignificant) risk of injury' when 'used with due care in a manner in which it is reasonably foreseeable that it will be used.' (§ 830; see § 830.2.) On this record, this standard was not met." (*Huckey, supra*, 37 Cal.App.5th at pp. 1109-1110, fn. omitted.)

2. *Notice*

In any event, summary judgment was appropriate because the City made a prima facie showing that it had no notice of the crack in the sidewalk, and because Chandler failed to establish the existence of a disputed material fact on the issue of notice.

As noted, a plaintiff bringing a section 835 claim must establish "[t]he public entity had actual or constructive notice of the dangerous condition under Section 835.2 a sufficient time prior to the injury to have taken measures to protect against the dangerous condition." (§ 835, subd. (b).) A public entity has actual notice of a dangerous condition "if it had actual knowledge of the existence of the condition and knew or should have known of its dangerous character." (§ 835.2, subd. (a).) It has constructive notice "only if the plaintiff establishes that the condition had existed for such a period of time and was of such an obvious nature that the public entity, in the exercise

7

of due care, should have discovered the condition and its dangerous character." (*Id.*, subd. (b).)

In this case, the City had not received any complaints about the sidewalk where the accident occurred, and it was not aware of any other injuries occurring there. The City claims it had inspected the sidewalk as recently as 2016 as part of its sidewalk maintenance program, and it determined the sidewalk did not need any repairs at that time. There is no contrary evidence. On this record, we cannot find the City had actual or constructive notice in August 2017 that the alleged defect existed.

Chandler argues the City had notice the sidewalk was defective in 2017 because it had previously patched the crack in 2013 and in 2015. We are not persuaded. If anything, those previous repairs demonstrate the City did, as claimed, regularly inspect its sidewalks for defects. When the City inspected the sidewalk in 2016, it determined no additional repairs were warranted. On this record, summary judgment was appropriate.

## DISPOSITION

The judgment is affirmed. The City shall recover its costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1).)

GOETHALS, J.

WE CONCUR:

ARONSON, ACTING P. J.

THOMPSON, J.