Filed 3/29/24  Cornelius v. County of Los Angeles CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| JOAN CORNELIUS, | B332128 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 21STCV25852) |
| v. | |
| COUNTY OF LOS ANGELES, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Lynne M. Hobbs, Judge.  Affirmed.

Mahoney & Soll, Paul M. Mahoney and Ryan P. Mahoney for Plaintiff and Appellant.

Collins + Collins, Tomas A. Guterres, and Angelica Victoria O. De Mesa for Defendant and Respondent.

————————————————

After appellant Joan Cornelius tripped and fell over an uplift in a sidewalk (where one slab of the sidewalk is higher than an adjoining slab) maintained by respondent County of Los Angeles, she sued the County for general negligence and premises liability.  The County moved for summary judgment, arguing that the uplift was a trivial defect and that, in any case, it had no notice of the defect.  The trial court granted the motion on the ground that the defect was trivial as a matter of law and did not reach the issue of notice.  Cornelius appeals from the resulting judgment, arguing the court erred because: (a) her expert witness opined the defect was not trivial; and (b) the court was required to consider other factors besides the size of the defect.  We conclude that: (a) the court correctly disregarded the opinion of Cornelius's expert; and (b) the court considered the other factors.  Therefore, we affirm.[1]

## FACTUAL AND PROCEDURAL BACKGROUND[2]

### A. *Cornelius Files a Complaint*

In July 2021, Cornelius filed a complaint for general negligence and premises liability against the County of Los

---

[1] The parties also disagree whether there was a triable issue as to whether the County had notice of the defect.  Because we find the trial court correctly ruled the defect was trivial, we do not address this issue.

[2] We limit our summary to the facts and procedural history relevant to the issues raised on appeal.

Angeles and the City of Covina.[3]  She alleged that in February 2021, she fell on Badillo Street in Charter Oak, due to "Lack of maintenance and upkeep on public sidewalk creating unsafe environment to general public."  She added that "[t]he fall resulted in a fractured shoulder as well as a fractured humerus, and 3 fractured ribs all resulting in multiple surgeries."  The County answered in August 2021.

## B.   *The County Moves for Summary Judgment*

### 1.   **The County's Motion**

In January 2023, the County moved for summary judgment or, in the alternative, summary adjudication.  According to the motion, in February 2021, Cornelius was walking on the sidewalk, "when she got distracted by surrounding road traffic, tripped over an uplift in the sidewalk, and fell forward to the ground."  Cornelius admitted that, had she been looking forward when walking, she could have avoided the uplift.  The County alleged that, one day before the incident, its Public Works' Road Maintenance Division had "performed a drive-by inspection" of the sidewalk and had not observed "any deviation or uplift."  Nor had anyone reported or complained about the uplift since July 2017.  Five days after the incident, the County measured that the uplift was "13/16 of an inch at its highest point, less than 3/4 of an inch towards the center, and less than 1/2 of an inch closest to the curb."

---

[3] In its Minute Order granting the County's motion for summary judgment, the court noted that "the City of Covina was dismissed on November 3, 2021."

3

As evidence, the County submitted excerpts from Cornelius's deposition, where she testified that the sidewalk on which she fell was along one of the routes she took on her daily walks, and that she had been walking in that area "[p]robably since 2015." She explained that when she fell, she was "probably distracted, looking at the street instead of the sidewalk" because she heard "screeching brakes coming." She agreed that when she heard the noise, she "turned [her] head" and "looked over," and that was when she fell. When asked whether she believed she could have avoided the uplift if she were looking forward at the time of the incident, Cornelius responded: "Absolutely, yes." She admitted it was a clear day, and that there "were no weather conditions, debris, or shadows that would have prevented [her] from seeing the uplift." The County also submitted declarations from its employees, discussing the inspections done and the measurements taken of the uplift, as well as the lack of complaints about the uplift before Cornelius's fall.

Based on these facts, the County argued that it could not be liable because: (1) it lacked actual notice of the uplift and Cornelius could not establish it had constructive notice; and (2) at less than an inch in height, the uplift was a trivial defect as a matter of law in the absence of any aggravating factors.

### 2. Cornelius's Opposition and the County's Reply

In Cornelius's opposition, she argued there was a triable issue of material fact as to the defect's triviality because "[t]rivial defect cases generally involve defects that are fractions of an inch," because "the defect here was above 1/2 inch," and because the court was required to consider the "nature and quality of the defect and the time of day and lighting conditions when the

4

accident occurred." As evidence, she cited the declaration of a retained expert, who averred that he had visited the site of the fall and "[t]he courts have ruled extensively on whether or not a walking surface discontinuity is a trivial defect. The threshold values have, for the most part been 1/2 to 3/4 of an inch--sidewalks in particular have been one-half inch. My site inspection did not provide any evidence to justify a lower standard of tolerance." The expert acknowledged the measurements of the uplift provided by the County and concluded that, "[b]ased on the aforementioned considerations, it is my opinion that the subject incident site was non-trivial and unsafe for ordinary pedestrian passage."[4]

In her response to the County's separate statement of undisputed facts, Cornelius agreed that, at the time of the incident, "the sky was clear and there were no weather conditions, debris, or shadows that would have prevented Plaintiff from seeing the uplift on the Subject Sidewalk." She also agreed to the measurements of the uplift submitted by the County. She denied that she was not looking forward when she fell due to being distracted by a vehicle in the area, but cited only her declaration where she stated she was "distracted by *noise*

---

[4] Additionally, while Cornelius did not dispute that the County lacked actual notice of the defect, she contended there was a triable issue as to whether the County had constructive notice because it was "responsible for the maintenance and cleaning of the property in question, including the sidewalk where Plaintiff fell" and "should have seen the dangerous condition."

*made from* a vehicle in the area."[5]  (Emphasis added.)  Citing only "Pltf's Decl.," she denied the County's undisputed fact that she "could have avoided the uplift in the Subject Sidewalk if she was looking forward while she was walking" by responding: "If she had been looking forward, there is no proof she would have seen the dangerous condition."  Cornelius additionally denied the County's facts regarding the inspections they conducted and the lack of complaints they received with the phrase: "No proof entered by defendants."

The County objected to several paragraphs of the declarations submitted by Cornelius.  It also filed a reply, arguing that Cornelius presented no evidence demonstrating the County had actual or constructive notice or to raise a triable issue as to the triviality of the defect.

### 3.    Ruling

In April 2023, the trial court granted the County's motion for summary judgment.  The court cited the undisputed evidence that the uplift was measured at 13/16 of an inch at its highest point and pointed out the lack of other factors that would "transform the defect which is trivial in size into a nontrivial defect."  The court noted that photographs submitted by the County "clearly demonstrate that the defect alleged by Plaintiff is an uplift between concrete slabs of sidewalk.  There are no other irregularities in sight, such as dirt, debris, jagged edges, an asphalt patch or the like."  The court added that the undisputed evidence showed "[t]he weather was fine on the day of the

---

[5] In other words, it appears Cornelius was not disputing that she was distracted, only that she was distracted by the noise made from the vehicle, as opposed to the vehicle itself.

6

accident and the accident took place during daylight hours," that "[t]here was no dirt or debris or anything else obstructing Plaintiff's view of the sidewalk," that Cornelius "had walked on the sidewalk numerous times since 2015," and that "[t]he sidewalk itself did not have jagged edges, an asphalt patch or any other deformities other than the raised slab of concrete." The court found that nothing obstructed Cornelius's view of the uplift, but rather she "was not paying attention to the sidewalk because she was looking into the street after hearing the sound of screeching brakes."

Based on these facts, the trial court found that the "defect in the sidewalk is trivial as a matter of law because the sidewalk is offset by less than an inch and no other conditions make the sidewalk dangerous." Citing numerous appellate court cases dealing with similar offsets, the trial court elaborated that the height of the uplift was "within the differentials held by Courts of Appeal to be de facto trivial." The court also struck the conclusion of Cornelius's expert witness that the defect was not trivial because "[e]xpert witnesses may not testify about issues of law or draw legal conclusions," and noted that because the expert's "opinion of whether the defect is trivial is based on an improper legal conclusion rather than his education, experience, or other reasonable basis, [his] opinion is of no value."

## C.  *Cornelius Moves for a New Trial*

In April 2023, Cornelius moved for a new trial. She argued the court had erred in striking her expert's conclusion because he "had an absolute right to rely on California case law in support of his opinion," and that his opinion that the defect was not trivial created a triable issue of material fact. She then repeated, essentially verbatim, the arguments she made in her opposition

to the motion for summary judgment regarding triviality and notice.[6]

In May 2023, the court entered judgment in favor of the County. The next day, the County filed an opposition to Cornelius's motion, arguing there was sufficient evidence to support a conclusion that the defect was trivial and that the County had no notice of the defect, and that the exclusion of the testimony of Cornelius's expert was neither erroneous nor prejudicial.

---

[6] In support of the motion for new trial, Cornelius's counsel submitted a declaration in which he complained of the "gradual erosion of the courts and the rights of California citizens" and declared that "[w]hat the courts did, in COVID-19 cases, particularly in Los Angeles County, is obscene," lamenting that public servants were fired because they "refused to take an untested vaccine." He continued, "[n]ow that the COVID-19 hysteria is over, the concept of 'trivial defects' has now emerged," complained that the sidewalk uplift could not be a "trivial defect" when "someone like Joan Cornelius suffers 3 fractured ribs, and other serious injuries, has had pain management treatment, and underwent surgeries," and accused the trial court of "ignor[ing] the law." The attorney opined that the court's ruling was "bad, unfair, . . . [and] another example of courts siding with the bureaucracy against the people in order to cause harm." He concluded that the court could "redeem itself by issuing the proper ruling," and noted it was "offensive" to him as a lawyer "that the LA County judges have a political action committee."

The County objected to this declaration and the court sustained its objections, finding the declaration "irrelevant" and that it "impugned the integrity of the court." After noting counsel had previously been found in contempt by the appellate court for making similar statements, the court additionally struck the declaration from the record.

In Cornelius's reply brief, she accused the court of improperly weighing evidence, and then repeated, again essentially verbatim, the arguments made in opposition to the motion for summary judgment and the arguments made in the motion for new trial.

In August 2023, the court denied Cornelius's motion, repeating its ruling in granting summary judgment, and finding that it did not err in sustaining the objection to the testimony of Cornelius's expert. The court declined to address Cornelius's arguments regarding notice because it had found it unnecessary to address that issue in granting summary judgment. Cornelius timely appealed the judgment.

## DISCUSSION

For the County to be liable for Cornelius's injury, she would have been required to establish that her injury was proximately caused by a dangerous condition on the County's property, and that the dangerous condition created a reasonably foreseeable risk of the kind of injury she sustained. (Gov. Code, § 835.)[7] A "dangerous condition" is "a condition of property that creates a substantial (as distinguished from a minor, trivial or insignificant) risk of injury when such property or adjacent property is used with due care in a manner in which it is reasonably foreseeable that it will be used." (Gov. Code, § 830, subd. (a).) " '[A] property owner is not liable for damages caused by a minor, trivial or insignificant defect in property.' "

_____

[7] She would also have needed to show that a negligent or wrongful act by a County employee created the condition, or that the County had actual or constructive notice of the dangerous condition. (Gov. Code, § 835, subds. (a) & (b).)

9

(*Stathoulis v. City of Montebello* (2008) 164 Cal.App.4th 559, 566 (*Stathoulis*).)

To determine whether a defect is trivial "involves several steps. First, the court reviews evidence regarding the type and size of the defect. If that preliminary analysis reveals a trivial defect, the court considers evidence of any additional factors such as the weather, lighting and visibility conditions at the time of the accident, the existence of debris or obstructions, and plaintiff's knowledge of the area. If these additional factors do not indicate the defect was sufficiently dangerous to a reasonably careful person, the court should deem the defect trivial as a matter of law and grant judgment for the landowner." (*Stathoulis*, *supra*, 164 Cal.App.4th at pp. 567–568.)

A defendant moving for summary judgment has met its burden of showing that a cause of action has no merit if it shows that one or more elements of the cause of action cannot be established, or that there is a complete defense to that cause of action. Once the defendant has met that burden, the burden shifts to the plaintiff to show that a triable issue of one or more material facts exists as to that cause of action or defense. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 849; Code Civ. Proc., § 437c, subd. (p)(2).) Here, the trial court found that the County had met its burden to demonstrate the sidewalk uplift was a trivial defect because it measured 13/16 of an inch at its highest and because there were no additional factors to render the defect sufficiently dangerous to a reasonably careful person; it found also that Cornelius failed to demonstrate the existence of a triable issue of material fact.

Cornelius contends the court erred because: (a) her expert opined the defect was not trivial; and (b) the court was required

10

to consider other factors besides the size of the defect. We review a trial court's ruling on a motion for summary judgment de novo. (*Buss v. Superior Court* (1997) 16 Cal.4th 35, 60.) We discern no error and find none of Cornelius's cited authorities applicable.

### A. *The Court Correctly Excluded Legal Opinions of Cornelius's Expert*

Cornelius's expert noted that the uplift measured 13/16 of an inch at its highest point and that "[t]he courts have ruled extensively on whether or not a walking surface discontinuity is a trivial defect. The threshold values have, for the most part been 1/2 to 3/4 of an inch--sidewalks in particular have been one-half inch. My site inspection did not provide any evidence to justify a lower standard of tolerance." He then concluded that "[b]ased on the aforementioned considerations, it is my opinion that the subject incident site was non-trivial and unsafe for ordinary pedestrian passage." The County objected to these statements and the court sustained the objections. The court explained that "[e]xpert witnesses may not testify about issues of law or draw legal conclusions" and found that the expert "improperly draws a legal conclusion by opining that differentials of ½ to ¾ of an inch are trivial as a matter of law." The court concluded that because the expert's "opinion of whether the defect is trivial is based on an improper legal conclusion rather than his education, experience, or other reasonable basis, [his] opinion is of no value."[8]

---

[8] Furthermore, even if the expert's opinion had a proper basis, it would not preclude either the trial court or us from concluding differently. (See *Fielder v. City of Glendale* (1977) 71 Cal.App.3d 719, 732 (*Fielder*) ["expert testimony that the defect
*(Fn. is continued on the next page.)*

11

Cornelius does not directly argue that the court erred in disregarding the opinion of her expert witness. Instead, she contends that, because the expert opined that "the subject change in the sidewalk elevation where the fall came constituted a dangerous hazard and was not a trivial defect," the case of *Fajardo v. Dailey* (2022) 85 Cal.App.5th 221 (*Fajardo*) required the court to find a triable issue as to whether the defect was trivial. *Fajardo* is inapposite.

In *Fajardo*, the plaintiff "tripped and fell on an asphalt patch between two adjacent sidewalk slabs in front of [defendant] Dailey's property." (*Fajardo*, *supra*, 85 Cal.App.5th at p. 223.) The superior court granted the defendant's motion for summary judgment, finding the condition of the sidewalk was a "trivial defect." (*Ibid.*) The appellate court reversed, finding that: (a) the defendant had failed to provide admissible evidence to support her assertion that the sidewalk differential was less than one inch in height whereas the plaintiff submitted admissible evidence that it was between "13/16 and one and three-sixteenths inches" in height;[9] and (b) the defendant failed to submit evidence

---

was dangerous, due to its depth, . . . should not prevent us from finding in an appropriate situation that the defect was trivial as a matter of law. For in this area there is no need for expert opinion. It is well within the common knowledge of lay judges and jurors just what type of a defect in a sidewalk is dangerous"].)

[9] Although the defendant had submitted an expert declaration opining that the defect was less than one inch in height, the appellate court noted that the expert "did not state how or why he knew this. He did not say he measured the displacement, nor did he give any other basis for his conclusion. *(Fn. is continued on the next page.)*

regarding the circumstances surrounding the accident and the plaintiff submitted admissible evidence that the asphalt patch "appears to have a rough texture, an uneven surface, and a jagged edge where it meets the concrete." (*Id.* at pp. 227–229.) The appellate court concluded that because reasonable minds could differ about whether the condition of the asphalt patch, combined with the height differential, presented a substantial risk of injury, the superior court erred in granting summary judgment. (*Id.* at p. 230.)

Unlike in *Fajardo*, the defendant here submitted admissible evidence to support its claim that the sidewalk uplift measured 13/16 of an inch at its highest point at the far side of the sidewalk, and that there were no weather or other conditions to prevent the plaintiff from seeing the uplift. While the plaintiff in *Fajardo* disputed the defendant's assertion of the defect's height and submitted admissible evidence of other factors that enhanced its danger, Cornelius does neither. Instead, she agreed with the measurements proffered by the County, admitted no external conditions prevented her from seeing the uplift, and proffered no evidence to demonstrate anything enhanced the danger of the uplift. Moreover, unlike here, the expert witness testimony presented by the plaintiff in *Fajardo* was not based on improper legal conclusions. Thus, *Fajardo*'s reversal of the superior court's granting of summary judgment has no bearing on how we should rule.

Therefore, it had no evidentiary value and could not support summary judgment." (*Fajardo*, *supra*, 85 Cal.App.5th at p. 227.)

**B.**   *The Court Considered Other Factors*

Cornelius additionally argues that "size alone is not the only factor" in determining triviality, and that the court was also required to "consider the nature and quality of the defect and the time of day and lighting conditions when the accident occurred."

In granting the County's motion, the court noted that there were no "irregularities in sight, such as dirt, debris, jagged edges, an asphalt patch or the like," that "[t]he weather was fine on the day of the accident and the accident took place during daylight hours," that "[t]here was no dirt or debris or anything else obstructing Plaintiff's view of the sidewalk," that Cornelius "had walked on the sidewalk numerous times since 2015," and that "[t]he sidewalk itself did not have jagged edges, an asphalt patch or any other deformities other than the raised slab of concrete." In other words, the record reflects that the court did consider factors other than the height of the uplift.

**C.**   *Cornelius's Citations Are Inapposite*

Cornelius cites and summarizes a litany of cases, without explaining why those cases are relevant to the appeal before us. None is.

First, Cornelius asserts that "[t]rivial defect cases generally involve defects that are fractions of an inch," and cites to five cases supporting this statement.[10]  However, given that the

---

[10] (*Barrett v. City of Claremont* (1953) 41 Cal.2d 70, 72, 74–75 [reversing judgment in spite of jury verdict because ridge of asphalt rising "about 1/2 inch above the surface of the sidewalk" trivial as a matter of law]; *Cadam v. Somerset Gardens Townhouse HOA* (2011) 200 Cal.App.4th 383, 389 [affirming judgment notwithstanding the verdict because walkway
*(Fn. is continued on the next page.)*

14

defect here was also a fraction of an inch—specifically, 13/16 of an inch at its highest point at the far side of the sidewalk—these cases merely confirm that the trial court's decision is not an outlier.

Next, she cites to *Stathoulis*, *supra*, 164 Cal.App.4th at pages 568–569 for the proposition that "as 'the size of the depression begins to stretch beyond one inch[,] the courts have been reluctant to find that the defect is not dangerous as a matter of law.'" While that may be, the defect in question did not stretch beyond one inch; *Stathoulis* is inapplicable.

Finally, Cornelius cites four cases in which a defect was found not to be trivial without explaining why the holdings in those cases apply to the situation before us. Upon our own examination of these authorities, we find they do not apply.

In *Kasparian v. AvalonBay Communities, Inc.* (2007) 156 Cal.App.4th 11, the appellate court reversed the superior court's grant of summary judgment where the plaintiff tripped over a recessed drain installed in an apartment complex, because the plaintiff presented evidence that the hole created for the drain grate was uneven and differed from other installed drains in the complex, and the slope of the drain was "dramatically more severe" than customary drains. (*Id.* at pp. 28–29.) The appellate

---

separation between three-fourths and seven-eighth of an inch deep "was trivial as a matter of law"]; *Caloroso v. Hathaway* (2004) 122 Cal.App.4th 922, 927 [sidewalk crack less than one-half of an inch deep trivial as a matter of law]; *Ursino v. Big Boy Restaurants* (1987) 192 Cal.App.3d 394, 396–397 [raised edge three-fourths of an inch high was trivial defect as a matter of law]; *Fielder*, *supra*, 71 Cal.App.3d at p. 724, fn. 4 [listing cases in which defects ranging from one-half of an inch to one and one-half of an inch found trivial as a matter of law].)

15

court also noted the drain was not distinguishable by color or texture from the surrounding pavers and could not be easily detected, even in daylight.  (*Id.* at p. 29.)  Additionally, the plaintiff's experts had opined that the drains did not comply with the building code and were not installed according to industry standards.  (*Ibid.*)  Here, by contrast, the potential hazard involved a raised sidewalk not a recessed drain, and there were no external factors preventing Cornelius from seeing the uplift— indeed, Cornelius testified she "[a]bsolutely" could have avoided tripping on the uplift had she simply been facing forward while walking.

In *Dolquist v. City of Bellflower* (1987) 196 Cal.App.3d 261, the appellate court held that "[u]nlike sidewalk cases," a steel rod protruding one-fourth of an inch from concrete tire stop in a parking lot was not a trivial defect because "a protrusion such as a piece of metal rebar located in an area where foot traffic occurs poses a greater danger, especially where, as here, persons must step up from the plane they are walking on to a higher plane in order to continue on their route."  (*Id.* at p. 270.)  However, this *is* a sidewalk case, there was no protrusion, and Cornelius was not stepping up from one "plane" to another.

In *Sheldon v. City of Los Angeles* (1942) 55 Cal.App.2d 690, the appellate court found that a sidewalk uplift of one and one-half inches was not a trivial defect.  (*Id.* at p. 692.)  But the defect here was a little over half that height, at 13/16 of an inch at its highest point on the far side of the sidewalk.

Finally, in *Johnson v. City of Palo Alto* (1962) 199 Cal.App.2d 148, the appellate court held that, although a sidewalk uplift measuring one-half to five-eighths of an inch was "slight" and "in many cases an even greater differential has been

16

held to constitute a trivial condition as a matter of law," the defect was not trivial because "this was respondent's first sojourn down Lincoln Avenue in this particular direction; the accident occurred at night and the sidewalk was shadowy because of overhead trees." (*Id.* at p. 152.) Here, Cornelius had been walking down this road since 2015 and no weather or other conditions prevented her from seeing the uplift.

## DISPOSITION

The judgment is affirmed. Respondent is awarded its costs on appeal.

NOT TO BE PUBLISHED

CHANEY, J.

We concur:

BENDIX, Acting P. J.

WEINGART, J.

17