[No. B019219. Second Dist., Div. Two. June 3, 1987.]

GEMMA URSINO, Plaintiff and Appellant, v.
BIG BOY RESTAURANTS OF AMERICA, Defendant and Respondent.

COUNSEL

Charles M. Finkel and Ned Good for Plaintiff and Appellant.

Morgan, Wenzel & McNicholas and Thomas H. Cadden for Defendant and Respondent.

OPINION

**COMPTON, J.**—Plaintiff in a personal injury action appeals from a summary judgment entered in favor of defendant Big Boy Restaurants. We affirm.

Plaintiff, a 72-year-old woman, suffered a fractured hip and other injuries when she allegedly tripped and fell over a portion of sidewalk located on the premises of defendant's Torrance restaurant. After eating in defendant's establishment, plaintiff proceeded on foot to the parking lot by way of defendant's private walkway designated as the north walkway.[1] That pathway was

---

[1]Originally, the owner of the property adjoining defendant's restaurant was named as a codefendant because ownership of the sidewalk was in dispute. The second defendant, however, was dismissed after it settled with plaintiff for $50,000.

82.85 feet in length, 8 feet wide, and composed of 4-foot-wide sections of concrete. While proceeding on the center section of the walkway, plaintiff allegedly tripped over the raised edge of one of the sections. Purportedly, the edge was no more than three-fourths of an inch higher than the adjoining section.

As an affirmative defense, defendant argued that the trial court, as a matter of law, was empowered to dismiss the action if it found the height differential between the two sections of sidewalk amounted to only a trivial defect. As discussed, *infra,* that defense developed through case law and has historically been applied in actions against public entities. It has been codified in the Tort Claims Act. Under that legislation, injury resulting from a defect in public property is actionable only when the condition of the property "creates a substantial (as distinguished from a minor, trivial or insignificant) risk of injury . . . ." (Gov. Code, § 830, subd. (a).)

In the instant action, as a time saving device and in order to avoid a possible nonsuit, the parties agreed to have the trivial defect defense determined pretrial by way of a motion for summary judgment.

The parties stipulated to the following facts: (1) the time of the accident was approximately 9:30 a.m.; (2) the weather was fair and dry; (3) there were no leaves, debris or other objects which blocked or concealed the defect in the sidewalk; (4) plaintiff had frequented the restaurant on an average of once a week over a period of 15 years; (5) plaintiff had at various times used defendant's *south* walkway to reach the parking lot; (6) the north walkway was built in 1969; (7) the raised edge had been present between one to five years; (8) neither party knew of any similar accident occurring on the north sidewalk;[2] (9) the edge of the cement section in question was raised no higher than three-fourths of an inch; (10) plaintiff's walking pattern was affected by her age; and (11) the 32 photographs presented to the trial court accurately depicted the sidewalk in question on the day of the accident.

In rendering its decision, the trial court followed a two-pronged analysis. First, it relied on two Court of Appeal decisions, *Robson v. Union Pacific R. R. Co.* (1945) 70 Cal.App.2d 759 [161 P.2d 821] and *Graves v. Roman* (1952) 113 Cal.App.2d 584 [248 P.2d 508], in holding that the trivial defect defense can be asserted by nongovernmental defendants. In *Robson v. Union Pacific R. R. Co., supra,* plaintiff fell after catching her left shoe heel in a chipped floor tile at defendant's railroad station. The hole was one-fourth of an inch deep and had a diameter of approximately two inches. (*Id.,* at

---

[2]Plaintiff, however, made a relevancy objection to this stipulation.

p. 760.) In *Graves* v. *Roman, supra,* 113 Cal.App.2d 584, the plaintiff was severely injured after tripping over a metal strip which protruded no more than one-eighth inch from the building's marble lobby floor. (*Id.,* at p. 585.) In both cases, the court found the defects to be so trivial that as a matter of law the defendants could not be held liable.

The *Graves* court specifically held that nongovernmental defendants could assert the defense because it is impossible to maintain "heavily travelled surfaces in a perfect condition and that minor defects such as differences in elevation are bound to occur in spite of the exercise of reasonable care by the party having the duty of maintaining the area involved." (*Id.* at pp. 586-587.)

Next, the trial court considered whether the defect here was, in fact, "trivial." In its analysis, the trial court was guided by the holding in *Fielder* v. *City of Glendale* (1977) 71 Cal.App.3d 719. In *Fielder,* the Court of Appeal, after arraying the various appellate decisions involving defective public walkways, concluded that the variance in these decisions as to what size of a depression, break, or nonalignment in a sidewalk constituted a mere trivial defect could be reconciled on the basis of whether there existed aggravating factors, such as lighting, debris, or a history of other similar injuries and thus rejected a rigid application of a "tape measure" test. (See also *Gentekos* v. *City & County of S.F.* (1958) 163 Cal.App.2d 691, 698 [329 P.2d 943].)

The *Fielder* court concluded: "[W]hen a court determines whether a given defect is trivial, as a matter of law, the court should not rely merely upon the size of the depression. While size may be one of the most relevant factors to the decision, it is not always the sole criterion. Instead, the court should determine whether there existed any circumstances surrounding the accident which might have rendered the defect more dangerous than its mere abstract depth would indicate." (*Fielder* v. *City of Glendale, supra,* 71 Cal.App.3d 719, 734 [139 Cal.Rptr. 876].)

In the case at bar, the trial court found no such circumstances in the stipulated facts, and concluded that reasonable minds could not differ as to the triviality of the defect. Summary judgment was entered in favor of defendant.

We have reviewed the pictures of the sidewalk and agree with the trial court that reasonable minds could not differ and that the defect was in fact trivial.

■ Plaintiff asserts that the "trivial defect" defense, which is determined by a court as a matter of law, is applicable only to governmental entities for the reason that the rule is grounded in the requirement of notice to the property owner of the existence of the defect.

That argument was specifically rejected in *Graves* v. *Roman, supra,* 113 Cal.App.2d 584, where, after citing numerous cases where the difference in elevation between adjoining sections of sidewalk varied from one-fourth of an inch to one inch, the court concluded that the defense goes not only to the issue of notice but also to the critical issue of *negligence in the maintenance of the sidewalk.*

Plaintiff cites us to the landmark case of *Rowland* v. *Christian* (1968) 69 Cal.2d 108 [70 Cal.Rptr. 97, 443 P.2d 561] where it is stated at page 119: "The proper test to be applied to the liability of the possessor of land . . . is whether in the management of his property he has acted as a reasonable man in view of the probability of injury to others, and, although the plaintiff's status as a trespasser, licensee, or invitee may in the light of the facts giving rise to such status have some bearing on the question of liability, the status is not determinative."

■ It is contended that that language suggests that a landowner's liability is *always* a question of fact and that the status of the plaintiff, i.e., invitee or licensee, the patent or latent nature of the defect and the triviality of the defect are merely relevant factors in determining the overall issue of the reasonableness of the landowner's conduct. (Also see *Beauchamp* v. *Los Gatos Golf Course* (1969) 273 Cal.App.2d 20 [77 Cal.Rptr. 914].)

We readily agree that *Rowland* v. *Christian, supra,* 69 Cal.2d 108, markedly changes the law as it had previously existed and that generally speaking the issue of landowner's liability is one of fact. That, however, is not the same as saying that a court may never determine, as a matter of law, that under the circumstances no liability exists. In our opinion, the rationale in *Rowland* v. *Christian, supra,* has not overtaken the "trivial defect" defense nor the viability of *Robson* v. *Union Pacific R. R. Co., supra,* 70 Cal.App.2d 759 and *Graves* v. *Roman, supra,* 113 Cal.App.2d 584.

In summary, persons who maintain walkways, whether public or private, are not required to maintain them in an absolutely perfect condition. The duty of care imposed on a property owner, even one with actual notice, does not require the repair of minor defects.

The rule which permits a court to determine "triviality" as a matter of law rather than always submitting the issue to a jury provides a check valve for the elimination from the court system of unwarranted litigation which attempts to impose upon a property owner what amounts to absolute liability for injury to persons who come upon the property. *Rowland* v. *Christian* did not abrogate the rule that a landowner is not an insurer of the safety of its users.

The judgment is affirmed.

Roth, P. J., and Gates, J., concurred.

Appellant's petition for review by the Supreme Court was denied August 12, 1987.