[No. B170132. Second Dist., Div. Four. Sept. 28, 2004.]

JOSEPHINE CALOROSO et al., Plaintiffs and Appellants, v. LARRY HATHAWAY, Defendant and Respondent.

924

**COUNSEL**

Law Offices of John K. Ciccarelli and John K. Ciccarelli for Plaintiffs and Appellants.

Law Office of Priscilla Slocum, Priscilla Slocum; Early, Maslach & Rudnicki and Nancy Matthews Garber for Defendant and Respondent.

OPINION

**GRIMES, J.**[*]—

## BACKGROUND

This appeal presents the question whether the trial court correctly determined as a matter of law that a private landowner owed no duty to pedestrians to either warn them of a trivial defect in his walkway or to repair it. Plaintiffs/appellants Josephine Caloroso and Joseph Caloroso seek reversal of a grant of summary judgment in favor of defendant/respondent Larry Hathaway (Hathaway) in this premises liability and loss of consortium case that arose when Mrs. Caloroso tripped over a slight crack in a walkway in front of Hathaway's home. In the complaint, the Carosos alleged that individual concrete slabs of walkway were cracked, jagged, and depressed, and constituted a dangerous condition. They further alleged that Hathaway's failure to repair the crack and failure to warn about the dangerous condition caused the accident.

Hathaway moved for summary judgment on the ground that he owed no duty to plaintiffs because the risk of injury was trivial, the injury was not foreseeable, and he had no notice of a dangerous condition. The accident occurred on a dry and sunny morning. The elevation difference along the edge of the crack ranged from zero to either 0.4 or seven-sixteenths of one inch. Mrs. Caloroso testified at her deposition that she tripped when her shoe got caught on the elevated part of the walkway. She was looking straight ahead at the time of the fall, not down at the walkway. There was no evidence concerning other accidents on the walkway.

The Carosos argued that other circumstances besides the size of the crack demonstrate that the defect was not trivial, the existence of a crack in the walkway next to a large tree is foreseeable, and Hathaway's violation of a building code and industry standard for safe walkways established that he owed a nondelegable duty to warn of the danger or repair the crack. The Carosos relied largely on the declaration of an expert witness, Brad Avrit (Avrit), a civil engineer. Avrit testified that the elevation difference was seven-sixteenths of one inch at one point, and the 1994 Uniform Building Code and 1996 ASTM Standard Practice for Safe Walking Surfaces prohibit height differentials greater than one-quarter of one inch absent a ramp or slope. Avrit also declared that other factors besides the size of the crack made the walkway dangerous, including the location and irregular shape of the crack, the interplay between bright sunlight and shadows, and the shadow of an adjacent tree that fell across the crack and made the area dark.

---

[*]Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Hathaway objected to Avrit's declaration on the grounds of lack of foundation and speculation, and because the matters addressed by Avrit were improper subjects of expert opinion. The trial court sustained Hathaway's objections to Avrit's declaration, noting that the court in *Fielder v. City of Glendale* (1977) 71 Cal.App.3d 719 [139 Cal.Rptr. 876] found it was unnecessary to have an expert witness opine whether the defect was trivial. After considering the evidence regarding the "height of the crack and all of the surrounding circumstances," the trial court found that the defect was trivial as a matter of law and granted the summary judgment motion.

Judgment was entered for Hathaway and this timely appeal followed. The Calorosos argue on appeal that the trial court improperly sustained Hathaway's objections to Avrit's declaration, and that there are triable issues of material fact as to whether the defect in Hathaway's walkway together with other circumstances created a dangerous condition. We affirm the judgment.

## DISCUSSION

### I

### *The Standard of Review and the "Trivial Defect Defense" Generally*

■ "On appeal after a motion for summary judgment has been granted, we review the record de novo, considering all the evidence set forth in the moving and opposition papers except that to which objections have been made and sustained. [Citation.]" (*Guz v. Bechtel National, Inc.* (2000) 24 Cal.4th 317, 334 [100 Cal.Rptr.2d 352, 8 P.3d 1089].) In ruling on the motion, the court must consider all of the evidence and all of the inferences reasonably drawn therefrom, and must view such evidence and such inferences in the light most favorable to the opposing party. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 843 [107 Cal.Rptr.2d 841, 24 P.3d 493].)

■ A defendant moving for summary judgment has met his burden of showing that a cause of action has no merit if he has shown that one or more elements of the cause of action cannot be established, or that there is a complete defense to that cause of action. Once the defendant has met that burden, the burden shifts to the plaintiff to show that a triable issue of one or more material facts exists as to that cause of action or defense. (*Aguilar v. Atlantic Richfield Co., supra,* 25 Cal.4th at p. 849; Code Civ. Proc., § 437c, subd. (o)(2).)

■ Here, Hathaway sought summary judgment on the ground that he owed no duty to the Calorosos because the defect in the sidewalk was trivial

as a matter of law. It is well established that a property owner is not liable for damages caused by a minor, trivial or insignificant defect in property. (*Whiting v. City of National City* (1937) 9 Cal.2d 163 [69 P.2d 990].) Courts have referred to this simple principle as the "trivial defect defense," although it is not an affirmative defense but rather an aspect of duty that plaintiff must plead and prove. The "trivial defect defense" is available to private, nongovernmental landowners. (*Ursino v. Big Boy Restaurants* (1987) 192 Cal.App.3d 394, 398–399 [237 Cal.Rptr. 413].) As the *Ursino* court stated, "persons who maintain walkways, whether public or private, are not required to maintain them in an absolutely perfect condition." (*Ibid.*) The question presented on this appeal is not whether Hathaway established a complete defense, but whether plaintiffs showed there is a triable issue as to whether there was a dangerous condition of the walkway that Hathaway had a duty to repair.

■ The decision whether the defect is dangerous as a matter of law does not rest solely on the size of the crack in the walkway, since a tape measure alone cannot be used to determine whether the defect was trivial.[1] A court should decide whether a defect may be dangerous only after considering all of the circumstances surrounding the accident that might make the defect more dangerous than its size alone would suggest. (*Fielder v. City of Glendale, supra,* 71 Cal.App.3d at p. 734.) Aside from the size of the defect, the court should consider whether the walkway had any broken pieces or jagged edges and other conditions of the walkway surrounding the defect, such as whether there was debris, grease or water concealing the defect, as well as whether the accident occurred at night in an unlighted area or some other condition obstructed a pedestrian's view of the defect.

■ It was undisputed that the difference in elevation created by the crack in Hathaway's walkway was less than half an inch at the highest point.[2] Many decisions have held that sidewalk defects greater than this were trivial as a matter of law. (See cases cited in *Barrett v. City of Claremont* (1953) 41 Cal.2d 70, 74 [256 P.2d 977] [elevations ranging from three-fourths inch to one and one-half inches found minor] and in *Fielder v. City of Glendale, supra,* 71 Cal.App.3d at p. 724, fn. 4 [same].) Thus, the defect here should also be deemed trivial as a matter of law, unless there is disputed evidence that other conditions made the walkway dangerous.

---

[1] The Calorosos' argument that the trial court only considered the size of the crack and ignored the surrounding circumstances is not well taken. The record clearly establishes that the trial court recognized that it had to consider the surrounding circumstances, and in fact did so before granting the summary judgment motion.

[2] There was an immaterial dispute whether it was four-tenths of an inch or seven-sixteenths of an inch.

## II

### *Avrit's Declaration and the Lack of a Triable Issue of Material Fact Regarding the "Trivial Defect Defense"*

Evidence Code section 801, subdivision (a), provides that the opinion of an expert witness is limited to testimony "[r]elated to a subject that is sufficiently beyond common experience that the opinion of an expert would assist the trier of fact." An appellate court may not disturb the trial court's ruling on the admissibility of opinion evidence absent an abuse of discretion. (*Westbrooks v. State of California* (1985) 173 Cal.App.3d 1203, 1210 [219 Cal.Rptr. 674].) Here, the trial court did not abuse its discretion in sustaining Hathaway's objections to the expert declaration of Brad Avrit.

In *Fielder v. City of Glendale, supra,* 71 Cal.App.3d 719, 732, the appellate court reversed a judgment rendered by a jury in favor of plaintiff on the ground that the defect in the sidewalk that caused plaintiff's injury was trivial as a matter of law. In the majority opinion, the court disregarded the testimony of plaintiff's expert that the defect was dangerous, reasoning that "there is no need for expert opinion. It is well within the common knowledge of lay judges and jurors just what type of a defect in a sidewalk is dangerous." (*Ibid.*)

Here, the trial court did not abuse its discretion in finding that, in this case, no expert was needed to decide whether the size or irregular shape of the crack rendered it dangerous. The photographs of the crack submitted by both sides demonstrate that the crack is minor and any irregularity in shape is minimal. In *Davis v. City of Pasadena* (1996) 42 Cal.App.4th 701, 705 [50 Cal.Rptr.2d 8], the court stated that, regardless of whether a witness can be found to opine on the subject of a dangerous condition, the court must independently evaluate the circumstances. The Calorosos' counsel acknowledged at the hearing of the summary judgment motion that, although Avrit declared the crack was irregularly shaped, the court could judge this for itself. We conclude that the expert testimony and photographs regarding the size and shape of the crack do not create a triable issue whether there was a substantial risk of injury.

The court properly found no foundation for Avrit's opinion that noncompliance with certain building codes and standards made the crack dangerous. Avrit failed to indicate that these codes and standards have been accepted as the proper standard in California for safe sidewalks. Moreover, there is no indication regarding whether such codes apply to existing walkways as opposed to new construction. Notably, the Calorosos presented evidence that the crack predated both the code and the standard. Accordingly, the court

properly excluded Avrit's opinion that Hathaway's noncompliance with certain building codes and standards creates a triable issue whether the condition was dangerous.

The Calorosos' reliance on *Johnson v. City of Palo Alto* (1962) 199 Cal.App.2d 148 [18 Cal.Rptr. 484] is misplaced. The plaintiff in *Johnson* tripped over a sidewalk crack at 9:30 at night. The shadows from overhead trees made the sidewalk even darker. (*Id.* at pp. 150–152.) Thus, in *Johnson*, the evidence of poor lighting together with other circumstances was sufficient to defeat the city's motion for summary judgment. Here, the accident occurred midmorning, and Mrs. Caloroso testified the sun was "so bright." When asked if the sun affected her vision, initially she testified that it "probably did." Moments later, when asked again if the sun affected her view of the walkway, she testified, "I don't think so." Drawing all inferences favorably to Mrs. Caloroso, we assume that bright, dappled light blinded her view of the crack. Nonetheless, the inescapable fact is the crack at its greatest was less than one-half inch, and the disputed issues about light and shadow in the circumstances of this case are immaterial.

■ Where reasonable minds can reach only one conclusion—that there was no substantial risk of injury—the issue is a question of law, properly resolved by way of summary judgment. (*Ursino v. Big Boy Restaurants*, *supra*, 192 Cal.App.3d at p. 397.) The evidence does not support the conclusion that reasonable minds could differ regarding whether the risk of injury was trivial. Despite their contentions regarding various aggravating conditions, the Calorosos failed to demonstrate that there is any triable issue of material fact as to whether Hathaway owed them a duty to warn of danger or repair the walkway.

■ It is impossible to maintain heavily traveled surfaces in perfect condition. Minor defects such as the crack in Hathaway's walkway inevitably occur, and the continued existence of such cracks without warning or repair is not unreasonable. Thus, Hathaway is not liable for this accident irrespective of the question whether he had notice of the condition. (See, e.g., *Ursino v. Big Boy Restaurants, supra*, 192 Cal.App.3d at p. 398 ["The duty of care imposed on a property owner, even one with actual notice, does not require the repair of minor defects"]; *Barrett v. City of Claremont, supra*, 41 Cal.2d at p. 73.) The trial court properly concluded that the defect was trivial as a matter of law, and summary judgment was appropriate.

## DISPOSITION

The judgment is affirmed. Respondent shall recover his costs on appeal.

Epstein, Acting P. J., and Curry, J. concurred.