Filed 5/28/24  Ligerman v. Black CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| KERI BERNARD LIGERMAN,<br><br>　　　　Plaintiff and Appellant,<br><br>　　v.<br><br>STANLEY BLACK,<br><br>　　　　Defendant and Respondent. | B329347<br><br>(Los Angeles County<br>Super. Ct. No.<br>21STCV17504) |

　　　　APPEAL from a judgment of the Superior Court of Los Angeles County.  Jill T. Feeney, Judge.  Affirmed.

　　　　Ferguson Case Orr Paterson and Joshua S. Hopstone for Plaintiff and Appellant.

　　　　Olson Law Group, Sonali Olson and Sherri E. Matta for Defendant and Respondent.

_____

Keri Bernard Ligerman (plaintiff) sued Stanley Black (defendant) for premises liability after she fell on the driveway of his home. The trial court granted defendant summary judgment. Plaintiff appealed. We conclude there are no triable issues of fact as to defendant's liability and affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

### I. Facts

Plaintiff arrived at defendant's home for a charity event on May 18, 2019. It was daylight; the weather was clear and sunny. Plaintiff parked her car on the large driveway outside the home. She saw her cousin standing a few feet away. Plaintiff left her car, walked toward her cousin, and fell on the driveway. At the time, the driveway was dry and clear of leaves, dirt, and debris. Plaintiff did not look at the ground before or after she fell. Plaintiff was later uncertain where she fell on the driveway. Her daughter identified the approximate location of plaintiff's fall.

The driveway is made of concrete stamped in a cobblestone pattern installed in 1984. Plaintiff is defendant's niece. Since 1984, she visited his home on numerous occasions and was aware of the composition of the driveway. Plaintiff made a conscious decision to wear flat shoes when visiting defendant due to the driveway's characteristics. Plaintiff alleged she fell when the toe of her right sandal became wedged between the cobblestone impressions stamped in the concrete driveway.

From 1984 until May 18, 2019, over 200 guests had attended over 120 events at defendant's home. No one had reported seeing or hearing about anyone falling on the driveway. Once, while wearing heels, plaintiff's daughter fell on the driveway sometime between 2010 and 2015. She never told anyone about her fall, saw anyone else fall, or heard about

2

anyone else falling on defendant's driveway before her mother fell.

Defendant's longtime employee inspected the outside of defendant's home daily for maintenance and repair needs. On and before May 18, 2019, the employee did not see any defects in the driveway that needed maintenance or repair. He never saw or heard about anyone previously falling on the driveway.

## II. Procedural Background

### A. Complaint

In May 2021, plaintiff sued defendant for negligence and premises liability. She alleged defendant and his employees negligently failed to protect her from "a known danger" causing her to trip and fall while walking on defendant's driveway.

### B. Summary Judgment Proceedings

Defendant moved for summary judgment on the grounds that (1) plaintiff cannot establish a dangerous condition; any defect in the driveway was trivial; (2) defendant had no notice of a dangerous condition; and (3) plaintiff cannot establish causation.

The trial court ruled defendant had carried his initial burden of showing the stamped cobblestones did not present a dangerous condition. This shifted the burden to plaintiff to show a genuine issue of fact. The court determined plaintiff had not carried her burden. Specifically, after sustaining defendant's objections to the declaration of plaintiff's expert, the court found plaintiff adduced no admissible evidence the stamped cobblestones are not a trivial defect.

The trial court also accepted defendant's second proffered basis for summary judgment. The court ruled defendant had carried his initial burden showing he had no actual or

constructive notice of a dangerous condition of the driveway. When the burden shifted to plaintiff, she produced no evidence in response, instead arguing defendant had not met his burden.

Having granted summary judgment, the trial court declined to address defendant's third ground for his motion, the lack of causation.

### C.    Appeal

Following entry of judgment, plaintiff timely filed her notice of appeal.

## DISCUSSION

Plaintiff argues the trial court erred in granting summary judgment because there are triable issues of fact regarding (1) whether there was a defect in defendant's driveway that was a dangerous condition, and (2) whether defendant had notice of the defect. Defendant defends the court's ruling under the trivial defect doctrine and the principal of actual or constructive notice. As explained below, we conclude summary judgment was appropriate because any defect in the driveway where plaintiff fell was trivial as a matter of law. This obviates any need to reach the parties' alternative arguments regarding notice.

**Applicable Law**

### A.    Summary Judgment

A defendant who can "show that there is no triable issue as to any material fact" is entitled to summary judgment. (Code Civ. Proc., § 437c, subd. (c).) The defendant bears the initial burden of demonstrating the plaintiff's cause of action has "no merit" by establishing the plaintiff cannot prove "one or more elements of [his or her] cause of action." (*Id.*, subds. (o) & (p)(2).) If this burden is met, the "burden shifts" to the plaintiff "to show that a triable issue of one or more material facts exists as to the

4

cause of action." (*Id.*, subd. (p)(2); see *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 849.) We independently decide whether summary judgment should have been granted. (*Jacks v. City of Santa Barbara* (2017) 3 Cal.5th 248, 273.)

### B.   Premises Liability and Trivial Defect Doctrine

The elements of a premises liability claim are the same as those of a negligence claim: "a legal duty of care, breach of that duty, and proximate cause resulting in injury." (*Kesner v. Superior Court* (2016) 1 Cal.5th 1132, 1158.) "The owner of [a] premises is under a duty to exercise ordinary care in the management of such premises in order to avoid exposing persons to an unreasonable risk of harm." (*Brooks v. Eugene Burger Management Corp.* (1989) 215 Cal.App.3d 1611, 1619.)

"Property owners are required ' "to maintain land in their possession and control in a reasonably safe condition" [citation], and to use due care to eliminate dangerous conditions on their property.' " (*Fajardo v. Dailey* (2022) 85 Cal.App.5th 221, 226.) But "[i]t is well-settled law that landowners are 'not liable for damages caused by a minor, trivial or insignificant defect in property.' " (*Miller v. Pacific Gas & Electric Co.* (2023) 97 Cal.App.5th 1161, 1166.) "This simple principle of law is referred to as the trivial defect doctrine—'it is not an affirmative defense but rather an aspect of duty that [a] plaintiff must plead and prove.' " (*Ibid.*)

What amounts to a trivial defect may be a question of law. (*Cadam v. Somerset Gardens Townhouse HOA* (2011) 200 Cal.App.4th 383, 388–389.) Whether the defect is minor or substantial as a matter of law involves several incremental inquiries. "First, the court reviews evidence regarding the type and size of the defect. If that preliminary analysis reveals a

trivial defect, the court considers evidence of any additional factors such as the weather, lighting and visibility conditions at the time of the accident, the existence of debris or obstructions, and plaintiff's knowledge of the area.  If these additional factors do not indicate the defect was sufficiently dangerous to a reasonably careful person, the court should deem the defect trivial as a matter of law and grant judgment for the landowner." (*Stathoulis v. City of Montebello* (2008) 164 Cal.App.4th 559, 567–568.)

### C. **Defendant's Initial Burden**

We independently agree with the trial court that defendant carried its initial burden of establishing the cobblestone driveway where plaintiff fell did not present a dangerous condition.  Our preliminary analysis of the evidence yields the conclusion that, to the extent there is any defect in the driveway where plaintiff fell, that defect is trivial as a matter of law.

Defendant's expert, biomechanics consultant John Brault, identified the location of plaintiff's fall after reviewing the deposition of plaintiff's daughter and using photogrammetry techniques.  Brault's declaration stated he placed a level on the driveway where plaintiff fell that showed there were no "abrupt upward elevation changes" in the direction plaintiff was walking prior to her fall.  Brault stated the only elevation changes in the area were in the impressions between the stamped cobblestones: The height from the bottom of the impressions to the top of the cobblestones consistently measured five-sixteenths of an inch. The trial court noted these measurements fall squarely within the height variations that previous courts have deemed trivial as a matter of law.  (See, e.g., *Huckey v. City of Temecula* (2019) 37 Cal.App.5th 1092, 1095–1096 [height differentials from nine-

6

sixteenths of an inch and 1.21875 inches found to be trivial]; *Caloroso v. Hathaway* (2004) 122 Cal.App.4th 922, 927, citing *Barrett v. City of Claremont* (1953) 41 Cal.2d 70, 74, and cases cited therein [elevations from three-fourths inch to one and one-half inches found to be minor]; *Meyer v. San Rafael* (1937) 22 Cal.App.2d 46, 47, 50 [elevations of adjoining sidewalk panels five-eighths of an inch to an inch and three-eighths found to be trivial]; *Fielder v. City of Glendale* (1977) 71 Cal.App.3d 719, 724, fn. 4 [collected cases].)

Brault's measurements are clearly depicted in black and white photographs admitted into evidence. Having reviewed these photographs using the de novo standard, we conclude reasonable minds could not differ that if any defects exist, they are in fact trivial. Indeed, no abnormality in the driveway suggesting a dangerous condition appears in the photographs. (See *Kasparian v. AvalonBay Communities, Inc.* (2007) 156 Cal.App.4th 11, 24–25 [in examining photographs, the court should consider "(1) the photograph's subject"; "(2) the view of the subject"; "(3) the photograph's perspective"; "(4) the use of any plain-view altering devices"; "(5) the characteristics of the photograph"; "(6) whether the photograph was taken under identical or substantially similar conditions"; and "(7) any other relevant circumstances"].)

Of course, relying solely on measurements cannot be used to determine the existence of a trivial defect. Additional factors may make a defect "more dangerous than its size alone would suggest." (*Caloroso v. Hathaway, supra,* 122 Cal.App.4th at p. 927.) In this case, however, there are no additional factors indicating the alleged defect was "sufficiently dangerous to a reasonably careful person." (*Stathoulis v. City of Montebello,*

7

*supra,* 164 Cal.App.4th at pp. 567–568.)  It was daylight when plaintiff fell.  The weather was clear and sunny.  The driveway was dry and free of dirt, leaves, or debris.  Plaintiff was not looking down prior to falling, but nothing suggests her view of her path of travel was somehow blocked.  Plaintiff was quite familiar with the driveway, having used it on the many occasions she previously visited defendant's home.  Additionally, defendant was unaware of any prior falls on the driveway or concerns about its safety.

### D.    Plaintiff's Consequent Burden

The heart of the opposition is the declaration of plaintiff's accident reconstruction expert Ban Choi, most of which was excluded by the trial court.  Choi stated the cobblestones had height differentials of .4375 to .813 of an inch, as opposed to Brault's consistent five-sixteenths of an inch.  Like Brault, Choi's height differentials are within the range to be considered trivial.  Choi and Brault also differ in their measurements of the width of the impressions between the stamped cobblestones.  Plaintiff argues this discrepancy, while not relevant to the trivial defect doctrine, raises a triable issue of fact.  Unlike Brault, however, Choi offers no facts identifying where he inspected the driveway and took those measurements or how he ascertained the location of plaintiff's fall.  He refers instead generally to "the walkway" or "the subject pedestrian walkway."  Choi also avers the cobblestones were uneven and "beveled steeply."  But he provides no evidence of a slope, incline, or obstruction created by any cobblestones where plaintiff fell.

Photographs attached to the declaration of plaintiff's attorney were properly excluded as unauthenticated.  (See Evid. Code, § 250; *People v. Bowley* (1963) 59 Cal.2d 855, 859.)  They

8

appear to show measurements being taken by an unknown individual of unknown portions of the driveway at an unknown time.  Plaintiff does not directly challenge this evidentiary ruling. Instead, she asserts the probative value of the parties' conflicting sets of photographs is a question for the jury.  However, we do not agree the trial court is to turn a blind eye to the rules of evidence.

Finally, plaintiff urges because there have been no modifications to the driveway since 1984 except for resurfacing, the driveway (1) "has not been maintained to a reasonable level of safety" for pedestrians, and (2) is beset by uneven cobblestones throughout.  However, we cannot infer the existence of evidence from the absence of evidence.  Summary judgment was properly granted.

## DISPOSITION

The judgment is affirmed.  Defendant Stanley Black is to recover costs on appeal.

NOT TO BE PUBLISHED.


                                                LUI, P. J.

We concur:


ASHMANN-GERST, J.


CHAVEZ, J.