Filed 7/24/24  Ghermezian v. State of California CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| SIRIOUS GHERMEZIAN, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> STATE OF CALIFORNIA, <br><br> Defendant and Respondent. | B325136 <br><br> (Los Angeles County Super. Ct. No. 19STCV46510) |

APPEAL from an order of the Superior Court of Los Angeles County, Audra M. Mori, Judge. Reversed.

Raymond Ghermezian for Plaintiff and Appellant.

Holbrook, Montoya, Dadaian, Solares, DelRivo, Bowman, Berkebile and Germaine C. Ng for Defendant and Respondent.

Sirious Ghermezian (appellant) appeals from a grant of summary judgment in favor of California Department of Transportation (respondent). Appellant claims he tripped and fell over a dangerous condition on respondent's sidewalk, and the trial court erred by finding the condition was a trivial defect. Finding triable issues of material fact on this issue, we reverse the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

On June 11, 2019, appellant tripped and fell after his left foot got caught on a raised portion of the sidewalk at the intersection of two concrete slabs adjacent to 11540 Santa Monica Boulevard in Los Angeles.

Appellant filed suit, alleging respondent was liable for the dangerous condition on the sidewalk.[1] Respondent sought summary judgment on the ground the sidewalk defect was trivial, relying on appellant's estimate of the height differential between the slabs as less than one inch given at his deposition. Testimony from a road crew supervisor of no prior complaints of any tripping hazards at that location was also provided.

In opposition, appellant provided other portions of his deposition where, after reviewing a photograph of the location, he recognized the height differential was more than an inch.

---

[1] Appellant also sued Thrifty Oil Co. and County of Los Angeles. Thrifty Oil is the owner of 11540 Santa Monica Boulevard and was alleged to have negligently controlled and maintained the sidewalk. Summary judgment was granted in favor of Thrifty Oil after undisputed facts showed it did not exercise control over the sidewalk. The county was dismissed by appellant. Neither are a party to this appeal.

Appellant also submitted his declaration that, after he fell, he looked to ascertain the reason for his fall and noted the height differential, loose pebbles and rocks where the lower slab was broken, and wood chips and leaves along the crack between the slabs.

Appellant's attorney declared he had inspected and photographed the location about six weeks after the incident, and although he could no longer locate the photographs, he had measured the height differential as ranging from 1 1/4 to 1 1/2 inches.

Appellant also provided deposition testimony from the road crew supervisor responsible for the subject sidewalk in which he discussed the 2015 "Curb & Sidewalk Condition Report" of the area where appellant tripped. He acknowledged the sidewalk uplift was a trip hazard and testified the report indicated the need for a repair that had not been done.

A declaration from a safety and liability expert was also submitted. Based on his review of photographs and measurements revealing a 1 7/16-inch height differential at the middle of the slab where appellant had tripped, the expert opined the sidewalk presented a dangerous condition due to a combination of factors, including the height differential exceeding one inch, the jagged edge along the differential, which could catch a pedestrian's foot, loose aggregates and debris in the area, the deterioration and depression of the lower slab, potential for loose mulch to obscure the differential, poor visibility due to shadows and lack of any delineation, respondent's past temporary repair by shaving the higher slab, and violation of several industry standards.

Respondent objected to several statements in the expert's declaration.[2] The trial court sustained respondent's objections to the expert's statements the height differential that caused the trip and fall was more than one inch on the ground it was case-specific hearsay, and "the Sidewalk uplift presented a dangerous condition" and "caused Plaintiff's trip and fall incident" to the extent these were improper legal conclusions.

Summary judgment was granted for respondent, finding appellant had not raised a triable issue whether the defect was trivial. The court reasoned that even crediting a height differential up to 1 1/2 inches, this alone did not make the defect dangerous. The court found no evidence that appellant's view was obstructed by shadows or debris, or any explanation of how the other conditions he identified caused or contributed to his fall.

Appellant filed a timely appeal.

## DISCUSSION

### I.     Standards of review

"A trial court properly grants a motion for summary judgment only if no issues of triable fact appear and the moving party is entitled to judgment as a matter of law." (*Miller v. Department of Corrections* (2005) 36 Cal.4th 446, 460.) On appeal from a judgment entered after the trial court has granted a motion for summary judgment, we examine the record de novo. (*Ibid.*) We must liberally construe the evidence in support of the

---

[2]     At the first hearing on the motion, the trial court found respondent had submitted new evidence in its reply and continued the hearing so appellant could file a supplemental brief.

4

party opposing summary judgment and resolve any doubts concerning the evidence in favor of that party. (*Ibid.*)

The moving party "bears the burden of persuasion that there is no triable issue of material fact and that he is entitled to judgment as a matter of law." (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850.) If the moving party carries this burden, the burden shifts, and the opposing party has the burden of showing a triable issue of material fact. (*Ibid.*) The opposing party must make a prima facie showing sufficient to support its position. (*Ibid.*)

We review the court's evidentiary decisions for abuse of discretion. (*Alexander v. Scripps Memorial Hospital La Jolla* (2018) 23 Cal.App.5th 206, 226.) The appropriate test for the abuse of discretion standard is whether the trial court exceeded the bounds of reason and resulted in a miscarriage of justice. (*Espejo v. The Copley Press, Inc.* (2017) 13 Cal.App.5th 329, 378.)

## II.  There was no error in excluding the expert's statements

We first address the challenge to the court sustaining objections to portions of the expert's declaration on the ground they were improper legal conclusions.[3] An expert witness may not

---

[3]  This includes objection 5 to "In my opinion, the Sidewalk uplift presented a dangerous condition on the date of Plaintiff's trip and fall. [] The combination of the height differential and various factors created the dangerous condition of the subject sidewalk" in paragraph 9 of the expert's declaration, objection 7 to "The dangerous condition of the subject area sidewalk caused Plaintiff's trip and fall incident and subsequent injuries" in paragraph 10, and objection 11 to "In my opinion, Defendant Caltrans knew or should have known about the Sidewalk uplift's

testify to legal conclusions in the guise of an expert opinion. (*Summers v. A. L. Gilbert Co.* (1999) 69 Cal.App.4th 1155, 1179.) Here, the expert opined the sidewalk was a "dangerous condition" that "caused Plaintiff's trip and fall incident" and that respondent "fell below the standard of care" by failing to conduct sufficient inspections. It was within the court's discretion to conclude these statements contained improper legal conclusions on the elements of a claim, such as standard of care, causation, and "dangerous condition," which is defined by Government Code section 830.

The court also sustained objections on the basis that the expert's statements included case-specific facts of which he lacked independent knowledge.[4] An expert may rely on hearsay in forming an opinion, but may not "relate as true case-specific facts asserted in hearsay statements, unless they are independently proven by competent evidence or are covered by a hearsay exception." (*People v. Sanchez* (2016) 63 Cal.4th 665, 686.) Case-specific facts are those "relating to the particular

---

dangerous condition prior to the date of Plaintiff[']s incident on June 11, 2019. [] Defendant Caltrans therefore fell below the standard of care by failing to sufficiently conduct and validate sufficient and periodic inspections of the Sidewalk uplift, and this contributed to Plaintiff[']s incident and subsequent injuries" in paragraph 14.

[4] This includes objection 6 to "Plaintiff testified that the height differential that caused his trip and fall incident was more than one inch" in paragraph 9 of the expert's declaration and objection 8 to "Plaintiff testified that the height differential that caused his trip and fall incident was more than one inch" in paragraph 10.

6

events and participants alleged to have been involved in the case being tried." (*Id.* at p. 676.)

Here, the expert related appellant's testimony about the height differential that caused his trip and fall as true. Appellant did not establish the expert had independent knowledge of the height differential or the cause of appellant's trip and fall. As such it was within the court's discretion to sustain hearsay objections to the expert's restatement of appellant's testimony on case-specific facts.

We therefore find no error in the trial court's rulings on the objections.

## III. Triable issues of fact regarding whether the sidewalk condition was a trivial defect exists

A property owner is not liable for damages caused by a minor, trivial, or insignificant defect on the property. (*Caloroso v. Hathaway* (2004) 122 Cal.App.4th 922, 927.) "The decision whether the defect is dangerous as a matter of law does not rest solely on the size of the crack in the walkway, since a tape measure alone cannot be used to determine whether the defect was trivial. A court should decide whether a defect may be dangerous only after considering all of the circumstances surrounding the accident that might make the defect more dangerous than its size alone would suggest. [Citation.] Aside from the size of the defect, the court should consider whether the walkway had any broken pieces or jagged edges and other conditions of the walkway surrounding the defect, such as whether there was debris, grease or water concealing the defect, as well as whether the accident occurred at night in an unlighted area or some other condition obstructed a pedestrian's view of the defect." (*Ibid.*, fn. omitted.)

7

To meet its burden of establishing the defect was trivial, respondent provided portions of appellant's deposition testimony that appellant thought the height differential was less than one inch and that the incident occurred at noon. Testimony from respondent's supervisor of the road crew tasked with maintaining the sidewalk area that he did not remember any complaints about a trip hazard at this location was also provided. This met respondent's burden as it showed the size of the crack was small, the accident occurred during the day, and no prior complaints had been made about it to respondent, suggesting the condition was insufficiently dangerous to have caused prior injuries.

Appellant responded with additional testimony from his deposition after viewing a photograph of the sidewalk, "Probably I was wrong about the size. It's more than one inch." When asked about his prior statement that it was not more than one inch, he explained, "That's—I thought like that. That's what I thought, but now that I see it, it's more than one inch."

Appellant offered additional evidence his attorney had measured the height differential as 1 1/4 to 1 1/2 inches. Photographs and measurements taken during a 2022 site inspection showed an approximately 1 7/16-inch height differential at the middle of the slab where appellant stated he tripped. Appellant then presented evidence of additional factors that could obscure a pedestrian's view of the defect that he noticed when he looked to ascertain why he fell. He saw the concrete on the lower slab where he tripped was broken, there were loose pebbles and rocks, and wood chips and leaves along the crack. Appellant's expert referenced solar data for the date and time of the accident and opined shadows from the adjacent building would obscure the tripping hazard on the grey concrete

slabs, creating a question whether the defect was more dangerous than its size alone.

Finally, appellant offered additional testimony from respondent's road crew supervisor. When asked about the relevant page of the 2015 "Curb & Sidewalk Condition Report," he testified the entry "Corner of Colby. Trip hazard. Pour 6 by 6" showed the sidewalk uplift had been determined to be a trip hazard. He explained this meant a crew would go and "physically cut out the bad—the bad sidewalk, and then pour a new slab." He acknowledged this had not yet been done, despite knowledge the condition was in need of repair.

Respondent argues appellant fails to explain how the broken concrete, loose pebbles, wood chips, and leaves obstructed his view or contributed to his fall. However, appellant need only present evidence of the defect's type and size, along with any additional factors that could make the defect sufficiently dangerous to a reasonably careful person. (*Stathoulis v. City of Montebello* (2008) 164 Cal.App.4th 559, 567.) We find appellant met this burden as we must liberally construe the evidence in support of appellant's position and resolve any doubts concerning the evidence in his favor.

Additionally, appellant testified he was walking on the sidewalk and looking straight ahead. There is no evidence in the record disputing his assertion he was walking in a reasonably careful manner. When we resolve any doubts in favor of appellant, the defect here presents a substantial risk of injury to a person walking in a reasonably careful manner on the sidewalk. Appellant, therefore, met his burden of showing a material dispute of fact exists over whether or not the defect was trivial.

Given the triable issue of material fact, the motion for summary judgment should have been denied.

## DISPOSITION

We reverse the judgment and remand the matter for further proceedings. Appellant is awarded his costs on appeal.

_____
CHAVEZ, J.

We concur:


_____
LUI, P. J.


_____
ASHMANN-GERST, J.