Filed 6/5/25  Soto v. Clifton House Four-Plexes Homeowners Assn. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JUDY SOTO,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>CLIFTON HOUSE FOUR-PLEXES HOMEOWNERS ASSOCIATION,<br><br>    Defendant and Respondent. | G063180<br><br>(Super. Ct. No. 30-2020-01164891)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Glenn R. Salter, Judge. Reversed and remanded with instructions.

Niddrie Adams Fuller Singh, John S. Addams; Tishbi Law Firm and Payam Tishbi for Plaintiff and Appellant.

Wilson Elser Moskowitz Edelman & Dicker, Michelle Press and Brian Felder for Defendant and Respondent.

Judy Soto tripped on an uplifted edge of a sidewalk slab at her apartment complex and sustained an injury. She filed suit against Clifton House Four-Plexes Homeowners Association for negligent maintenance of the sidewalk. Clifton filed a motion for summary judgment, arguing that it did not breach its duty of care because the sidewalk defect was trivial as a matter of law. Soto's forensic engineering expert opined in a declaration that the defect was dangerous, not trivial. The trial court sustained Clifton's foundation objection to the declaration and granted summary judgment in Clifton's favor. Soto appealed.

We conclude the trial court erred in excluding the expert's declaration. With the declaration in evidence, the court should have denied Clifton's summary judgment motion because Soto demonstrated a triable issue of material fact exists as to whether the defect was dangerous or trivial.[1] We reverse and remand.

FACTS

I.

THE TRIP AND FALL

In 2020, Soto was walking from her mailbox to her apartment when she tripped and fell on an uplifted part of a concrete sidewalk and sustained an injury. At the time of the fall, the weather was clear and sunny, and the sidewalk was dry. Nothing obstructed Soto's view, and she was looking straight ahead. She had lived at the complex for about eight years and walked this route to her mailbox about once every two weeks.

---

[1] Soto also requests that we review the trial court's decision denying her subsequent motion for a new trial. Because we reverse the summary judgment, we need not address the denial for a new trial.

On the same day Soto fell, her roommate took pictures of Soto's foot next to the uplifted area of the sidewalk. In the pictures, Soto is wearing the same sandal she wore when she fell. She later testified these pictures are a fair and accurate depiction of the way the sidewalk looked at the time of her fall. No one physically measured the uplifted part of the sidewalk, and the maintenance employee has since repaired it.

## II.

### CLIFTON'S MOTION FOR SUMMARY JUDGMENT

Soto filed this lawsuit alleging general negligence and premises liability for negligent property maintenance causing Soto's personal injury. Clifton filed a motion for summary judgment, arguing Clifton did not breach a duty because the defect was trivial as a matter of law.

Clifton's maintenance employee's declaration was filed in support of the summary judgment motion. On the day of the incident, he found Soto on the concrete sidewalk. He estimated that "[b]ased on [his] personal observation and assessment, the height differential of the raised lip of the concrete walkway was no more than one inch."

Clifton argued in its motion that mitigating circumstances made the uplift less dangerous, including the clear, sunny weather, the lack of obstruction, debris, or jagged separation in the sidewalk, the lack of slant, Soto's familiarity with the area, and the fact that she was looking straight ahead when she fell.

## III.

### SOTO'S OPPOSITION

Soto argued in her opposition that whether the sidewalk defect was dangerous or trivial was a triable issue of material fact that should be

3

left to the jury. She retained forensic engineer, Mark Burns, as an expert witness.

Burns's declaration stated he is a senior forensic expert at a forensic engineering firm and has a bachelor of science degree in mechanical engineering as well as a juris doctorate. He is a licensed general contractor and certified building inspector. Burns had investigated more than 9,000 incident cases on behalf of both plaintiffs and defendants, including hundreds involving elevation changes in public areas such as concrete sidewalks.

Burns used photogrammetry to measure a similar sandal to the one Soto wore in the picture to determine that the height differential was 1.9 inches. He opined the defect "created a tripping hazard for pedestrians traversing the area because a height differential of this magnitude is certainly significant enough for a shoe front or heel to catch at the edge of the height differential and cause a pedestrian to trip and stumble forward." Burns further opined that based on the photos, "[t]he chance of tripping [was] increased due to the jagged, sloped edge of the subject uplift." He said the uplift appeared higher on the left side of the sidewalk than the right, and the concrete leading to the uplift was sloped downward and toward the left. He said these slopes could increase the chance of tripping and falling because it can be difficult to perceive the exact height of the edge while walking. He based his determinations on his review of the evidence, his background and education, and on biomechanical studies of human ambulation, which he attached to his declaration.

IV.

THE MOTION HEARING AND TRIAL COURT ORDER

At the summary judgment motion hearing, both Clifton and Soto raised foundation and improper opinion objections to the opinions of each

others' respective witnesses. Clifton urged the court to rely on the maintenance employee's opinion because the employee observed the height differential, and he is qualified as a layperson to testify to his estimate. It objected to Burns's measurement because Burns relied on the height of a sandal similar to Soto's rather than the actual sandal, and Burns did not indicate what training or experience he had that qualified him to conduct photogrammetry analysis.

In response, Soto pointed out the maintenance employee never measured the height differential—he simply eyeballed it. Soto offered to produce a supplemental declaration from Burns with additional foundation as to photogrammetry specifically. The trial court said, "normally the allowance of additional information or evidence is not in keeping with the norms of summary judgment motions, but this case is . . . one that would not survive appellate review if the court were not to allow [Soto] to submit the additional information, to be quite blunt about it." The court initially decided to continue the hearing to allow counsel time to submit supplemental evidence as to Burns's photogrammetry expertise.

Soto's counsel then requested to also submit a supplemental declaration from Soto about the height of the uplift. The trial court responded it did not intend to hear "a brand new summary judgment motion." The court said the proceedings are not "for the other side to or for the court to educate [counsel] on what [counsel] need[s] to produce." The court concluded, "And, quite frankly, I think I've changed my mind on this one. I'm just going to grant the motion."

The trial court granted summary judgment in favor of Clifton[2] and sustained Clifton's evidentiary objections as to Burns's declaration. The court commented the "expert's 'opinion,' [was] no more than a guess on his part and cannot, without more[,] create a triable issue of material fact as to the height of the uplift." The court noted it also considered the additional mitigating factors as contributing to the defect's triviality.

DISCUSSION

I.

STANDARD OF REVIEW

A "motion for summary judgment shall be granted if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. In determining if the papers show that there is no triable issue as to any material fact, the court shall consider all of the evidence set forth in the papers, except the evidence to which objections have been made and sustained by the court, and all inferences reasonably deducible from the evidence, except summary judgment shall not be granted by the court based on inferences reasonably deducible from the evidence if contradicted by other inferences or evidence that raise a triable issue as to any material fact." (Code Civ. Proc.,[3] § 437c, subd. (c).) Where the defendant moves for summary

_____

[2] The trial court later dismissed the entire case by minute order because there were no appearances by any parties as to the remaining defendants. The court then entered judgment in favor of Clifton based on the summary judgment order. The court thereafter amended its judgment to clarify that the earlier dismissal was only as to the other defendants, not Clifton. Soto timely appealed both the judgment and the amended judgment.

[3] All undesignated statutory references are to the Code of Civil Procedure.

6

judgment, they have the initial burden to show either that at least one element in a cause of action cannot be established, or that there is a complete defense to the cause of action. (§ 437c, subd. (p)(2).) Then, the burden shifts to the plaintiff "to show that a triable issue of one or more material facts exists as to the cause of action or a defense thereto." (*Ibid.*)

"The rule that a trial court must liberally construe the evidence submitted in opposition to a summary judgment motion applies in ruling on both the admissibility of expert testimony and its sufficiency to create a triable issue of fact. [Citations.] In light of the rule of liberal construction, a reasoned explanation required in an expert declaration filed *in opposition to* a summary judgment motion need not be as detailed or extensive as that required in expert testimony presented *in support of* a summary judgment motion or at trial." (*Garrett v. Howmedica Osteonics Corp.* (2013) 214 Cal.App.4th 173, 189, italics added.) The court may not grant summary judgment based on its evaluation of credibility, nor may the court "weigh the evidence in the manner of a fact finder to determine whose version is more likely true." (*Binder v. Aetna Life Ins. Co.* (1999) 75 Cal.App.4th 832, 840.)

We review a trial court's decision to grant summary judgment de novo. (*Zubillaga v. Allstate Indemnity Co.* (2017) 12 Cal.App.5th 1017, 1021.) "Because plaintiff appealed from the trial court's order granting defendant summary judgment, we independently examine the record in order to determine whether triable issues of fact exist to reinstate the action." (*Johnson v. American Standard, Inc.* (2008) 43 Cal.4th 56, 64.) "[W]e view the evidence in the light most favorable to plaintiff as the losing party." (*Ibid.*) And "we liberally construe plaintiff's evidentiary submissions and strictly scrutinize defendant's own evidence, in order to resolve any evidentiary doubts or ambiguities in plaintiff's favor." (*Ibid.*)

7

We review the court's evidentiary ruling in connection with the motion for an abuse of discretion. (*Garrett v. Howmedica Osteonics Corp.*, *supra*, 214 Cal.App.4th at p. 181.)

## II.

### LAW AND ANALYSIS

"An initial and essential element of recovery for premises liability . . . is proof a dangerous condition existed." (*Stathoulis v. City of Montebello* (2008) 164 Cal.App.4th 559, 566 (*Stathoulis*).) Under the trivial defect doctrine, a landowner has no duty to repair trivial defects. (*Ibid*.) "[P]ersons who maintain walkways . . . are not required to maintain them in an absolutely perfect condition. The duty of care imposed on a property owner, even one with actual notice, does not require the repair of minor defects." (*Ursino v. Big Boy Restaurants* (1987) 192 Cal.App.3d 394, 398.) "[A] court [may] determine 'triviality' as a matter of law" at summary judgment "rather than always submitting the issue to a jury." (*Id.* at p. 399.) But "when a court determines that sufficient evidence has been presented so that reasonable minds may differ as to whether the defect is dangerous, the court may not rule that the defect is not dangerous as a matter of law." (*Fielder v. City of Glendale* (1977) 71 Cal.App.3d 719, 734.)

"Sidewalk elevations ranging from three-quarters of an inch to one and one-half inches have generally been held trivial as a matter of law." (*Huckey v. City of Temecula* (2019) 37 Cal.App.5th 1092, 1107.) While a sidewalk defect's height differential is a "pivotal factor" in determining triviality, it is not the only factor. (*Stathoulis*, *supra*, 164 Cal.App.4th at p. 567.) The court should also consider whether any other circumstances aggravated or mitigated the risk of injury. (*Ibid*.) Such circumstances could include the sidewalk's broken or jagged edges, debris or water on the

8

sidewalk, the lighting, any obstructions, past accidents caused by the defect, and the plaintiff's knowledge of the conditions. (*Ibid*.)

In this case, Burns's opinions were based on his review of the evidence, his education and background, and his extensive experience investigating hundreds of incidents of elevation changes as a forensic engineer. He used photogrammetry and the photos of Soto's foot next to the uplifted sidewalk to determine the height differential was 1.9 inches. He relied on biomechanical studies of human ambulation to conclude the uplift was dangerous. Despite this foundation and explanation, the trial court summarized Burns's opinion as "no more than a guess." This not only demonstrates the court failed to liberally construe Soto's expert evidence in opposition to summary judgment, but it also shows the court abused its discretion in excluding the evidence.

Since the trial court had doubt about Burns's qualifications for using photogrammetry, the court should have simply allowed counsel to supplement Burns's declaration, or the court could have inquired of Burns directly in an evidentiary hearing. Neither option was necessary, though. Burns's declaration lays sufficient foundation for forming his opinion that the defected sidewalk presented a tripping danger to pedestrians based on factors other than photogrammetry. For example, he opined the "jagged, sloped edge of the subject uplift" increased the chance of tripping.

Soto established that reasonable minds could differ about whether the uplifted sidewalk was trivial. The evidence shows many material facts were disputed. The parties dispute whether the uplifted sidewalk was "no more than an inch" or was 1.9 inches. The parties also dispute whether aggravating factors (sloped sidewalk leading to the uplift, jagged sidewalk edges) affected triviality. They do not dispute the existence of mitigating

9

factors (sunny day, Soto's familiarity with the area, lack of obstruction), but reasonable minds could differ about how much weight to lend these factors in concert with the aggravating factors and the height differential. Whether the defected sidewalk was a danger or trivial is a quintessential triable issue of material fact because it is a necessary element of Soto's negligence claim, and the parties' evidence is conflicting. The trial court erred when it refused to allow Soto to explain photogrammetry, excluded Burns's declaration, and concluded the defect was trivial as a matter of law.

## DISPOSITION

Summary judgment in Clifton's favor is reversed, and the matter is remanded to the trial court with instructions to enter a denial of the motion. Appellant is to recover her costs on appeal.


O'LEARY, P. J.

WE CONCUR:


MOORE, J.


DELANEY, J.

10